[No. 10,156.]

## THE PEOPLE *v.* CURTIS.

EVIDENCE ON TRIAL FOR PERJURY.—If a witness is indicted for perjury, alleged to have been committed while giving evidence on the examination before a committing magistrate of a person charged with crime, the prosecution may, on the trial, prove by parol evidence what the accused swore to before the magistrate.

APPEAL from the County Court, County of Alameda.

The defendant appealed. The other facts are stated in the opinion.

*Zack Montgomery*, for the Appellant.

*Attorney-General Love*, for the People.

By the Court, CROCKETT, J.:

The defendant was convicted of perjury, committed on the examination by a committing magistrate, of one Wilson, on a charge of robbery. At the trial it did not appear whether the testimony of the defendant at the examination was reduced to writing, as required by Section 869 of the Penal Code; and the prosecution offered to prove by oral evidence what facts the defendant swore to at the examination, and in respect to which the charge of perjury is preferred. The evidence was objected to on the ground that the statute required the testimony given by the defendant to be reduced to writing in the form of a deposition, and the presumption of law is that the magistrate performed his duty in this respect. It was contended that the deposition was the best evidence, and that oral evidence on that point was secondary, and therefore incompetent. The objection was overruled, and the defendant excepted.

Opinion of the Court—Crockett, J.

Section 869 of the Penal Code provides that on an examination by a committing magistrate, the testimony of each witness "must be reduced to writing, as a deposition," by question and answer, "each answer being distinctly read to him as it is taken down, and being corrected or added to until it conforms to what he declares is the truth." The deposition must be signed by the witness, or if he refuses to sign it, his reason for refusing must be stated in writing as he gives it, and it must be signed and certified by the magistrate.

It was not intended, we think, that the deposition should constitute the best or only evidence of what the witness swore to. It may be that the witness refused to sign it, on the express ground that it did not correctly state the testimony; and it will hardly be claimed that, in such a case, he would be precluded from showing, on a prosecution for perjury, that the deposition was incorrect. If not conclusive on the defendant, it clearly would not be upon the prosecution. If the accused is held to answer by the committing magistrate, it is the duty of the latter to transmit the depositions to the proper court; and Section 686 of the Penal Code explains why such particularity is required in reducing the testimony to writing. That section provides that on a subsequent indictment of the accused, a deposition taken by the committing magistrate, may be read in evidence on the trial, if it satisfactorily appears that the witness is dead or insane, or cannot with due diligence be found within the State.

We deem it unnecessary to notice the other points made by the appellant.

Order and judgment affirmed. Remittitur forthwith.