[No. 10,745.—In Bank.]

October 11, 1882.

## THE PEOPLE v. THOMAS HERBERT.

Murder—Reporter's Notes—Evidence—Record.—The Reporter's notes, though contained in the transcript, can not be considered, unless made a part of the record by bill of exceptions.

Id.—Instructions.—The evidence not being before the Court, there is nothing to show that the instruction requested by the defendant, and embodied in the bill of exceptions, had any application to the case as made.

ID.—DECLARATIONS OF DEFENDANT MADE BEFORE CORONER'S JURY.—Statements made by the defendant before the Coroner's jury are admissible in evidence.

ID.—INSTRUCTIONS—SELF-DEFENSE—JUSTIFICATION.—The Court instructed the jury, in effect, that to justify a person in killing another in self-defense it must appear that the danger was so urgent and pressing, that in order to save his own life, or prevent his receiving great bodily harm, the killing of the deceased was absolutely necessary; but it also told them" that homicide is justifiable, if committed in the lawful defense of the person, when there is a reasonable ground to apprehend a design to commit a felony, or to do some great bodily injury, and imminent danger of such design being accomplished.

*Held:* While the language employed by the Court might have been more explicit, taken together the instructions mean no more than that there must be a necessity, either actual or apparent, for the killing.

ID.—ID.—ID.—ID.—When one who is without fault himself is attacked by another in such manner or under such circumstances as to furnish reasonable ground for apprehending a design to take away his life, or to do him some great bodily harm, and there is reasonable ground for believing the danger imminent that such design will be accomplished, he may safely act upon appearances, and kill the assailant, if that be necessary to avoid the apprehended danger, and the killing will be justifiable, although it may afterwards turn out that the appearances were false, and that there was in fact neither design to do him serious injury nor danger that it would be done. He must decide at his peril upon the force of the circumstances under which he is placed, for that is a matter which will be subject to judicial review; but he will not act at the peril of making that guilt, if appearances prove false, which would be innocent had they proved true.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of County of Kern. BRUNDAGE, J.

*J. W. Freeman,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

Ross, J.:

1. The reporter's notes found in the transcript are not made a part of the record and can not be considered.

2. The evidence not being before us, there is nothing to show that the instruction requested by the defendant, and embodied in the bill of exceptions, had any application to the case as made.

3. There was no error in permitting the witness Thurston

to testify to statements made by defendant before the Coroner's jury. (*People* v. *Curtis*, 50 Cal. 95.)

4. If the Court below instructed the jury that, in order to justify the defendant, the killing of the deceased was *in fact* absolutely necessary, we should not hesitate to reverse the judgment; for such an instruction would have ignored the doctrine of appearances, established by statute as well as by the common law. But we do not understand, nor do we think the jury could have understood, that the Court did that; for while it told them that to justify a person in killing another in self-defense, it must appear that the danger was so urgent and pressing, that in order to save his own life or to prevent his receiving great bodily harm, the killing of the deceased was absolutely necessary; it also told them that homicide is justifiable if committed in the lawful defense of the person, when there is reasonable ground to apprehend a design to commit a felony, or to do some great bodily injury, and imminent danger of such design being accomplished (with the qualification that if such person was the assailant, or engaged in mortal combat, he must really and in good faith have endeavored to decline any further struggle before the homicide was committed); and further, that a bare fear of the commission of the offense, to prevent which homicide may be committed, is not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone.

While the language employed by the Court might have been more explicit, we think that, taken together, the instructions mean that there must be a necessity, either actual or apparent, for the killing, or it can not be justified, and this we understand to be true under our statute as well as at the common law.

The first instruction above noticed is a literal copy of Section 31 of the Crimes and Punishment Act of 1850, and the others are taken substantially and almost literally from Sections 197 and 198 of the Penal Code. In a note to the last of the three sections of that Code, prescribing when homicide is excusable and justifiable, the Code Commissioners say: "The three preceding sections are based upon Sections 29, 31,

32, 33, 34 and 35 of the Crimes and Punishment Act of 1850—Statutes 1850, p. 229. The Commission have modified the language, making it accord in many respects with that of the New York Penal Code, Sections 260, 261 and 262. *The legal effect, however, has not been changed.*" So that we know that while the Commissioners changed the language of our statute to conform to that employed in the revised statutes of New York, there was no intention on their part to effect any change in the law as declared in the Act of 1850. The language taken from the statutes of New York, and embodied in our Code, was held by the Court of Appeals of that State to be but in affirmation of the rule of the common law, in the case of *Shorter* v. *The People,* 2 Comst. 193. We sum up what we conceive to be the true meaning of our statute on the subject under consideration, in the clear and concise language of the learned Judge who delivered the opinion in the case last cited:

"When one who is without fault himself is attacked by another in such a manner or under such circumstances as to furnish reasonable ground for apprehending a design to take away his life, or do him some great bodily harm, and there is reasonable ground for believing the danger imminent that such design will be accomplished, I think he may safely act upon appearances and kill the assailant, if that be necessary to avoid the apprehended danger, and the killing will be justifiable, although it may afterwards turn out that the appearances were false, and there was *in fact* neither design to do him serious injury nor danger that it would be done. He must decide at his peril upon the force of the circumstances in which he is placed, for that is a matter which will be subject to judicial review. But he will not act at the peril of making that guilt, if appearances prove false, which would be innocence had they proved true."

Judgment and order affirmed.

MORRISON, C. J., and MYRICK and THORNTON, JJ., concurred.

MCKINSTRY, and MCKEE, JJ., concurred in the judgment.