[In Bank. — May 29, 1883.]

THE PEOPLE, RESPONDENT, v. SIMON RATEN, APPELLANT.

HOMICIDE — BURDEN OF PROOF — REASONABLE DOUBT. — When the fact of a homicide is shown, then it is incumbent upon the defendant to show by a *preponderance* of testimony that the killing was justifiable.

ID. — INSTRUCTIONS — DEGREES OF MURDER. — A charge upon the subject of the degrees of murder discussed and *held* not misleading.

ID.—ARREST OF FELON BY PRIVATE CITIZEN.—The court charged, in addition to section 837 of the Penal Code, that "the crime of assault with intent to commit murder is a felony. It is the right, and is expected of all good citizens that they aid in the capture or arrest of any person who has committed a felony." The evidence tended to show that the defendant shot at one Erickson, and fled pursued by a crowd of men with a view to capture him. The deceased was one of the crowd, and while in pursuit defendant turned and shot and killed him. *Held*, that the evidence justified the instruction.

ID.—SELF-DEFENSE.—Upon the authority of *People* v. *Herbert*, 61 Cal. 544, one instruction given in regard to the right of self-defense, *held*, not erroneous.

ID.—MALICE.—The defendant claimed that the verdict was against both law and evidence; that to constitute murder of the first degree express malice must be proved *aliunde*—not inferred alone from the act done, or the means used in doing it. *Held*, that as the question of malice was submitted to the *jury* under proper directions, the judgment could not be interfered with.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Ellwood Bruner*, for Appellant.

*Attorney-General*, for Respondent.

THORNTON, J.—The defendant was convicted of the crime of murder in the first degree, committed on one James Lansing, and adjudged to suffer the death penalty. He moved for a new trial which was denied. From the order denying his motion for a new trial, and the judgment, he prosecutes this appeal.

Several questions were discussed on the argument arising on the instructions given by the court below, which we are called on to consider and determine.

1. The court directed the jury as follows:—

"Upon a trial for murder the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable, and this he may show by preponderance of evidence merely."

It is urged that this direction is erroneous, because it deprives the defendant of the doctrine of reasonable doubt. We have to say in reply to this that the jury was fully and correctly instructed upon the question of reasonable doubt, and that the

instruction above given was approved by this court in Bank in *People* v. *Hong Ah Duck*, 61 Cal. 387.

2. Our attention is called to the following direction to the jury:—

"If the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer, the killing is murder of the first degree, and no matter how rapidly these acts of the mind may succeed each other, or how quickly they may be followed by the act of killing. But if you find the defendant guilty of murder, and still are not convinced beyond all reasonable doubt that such murder was accompanied or characterized by some one of the circumstances just explained as indicative of murder of the first degree, you can find him guilty of murder of the second degree only."

Counsel for defendant in regard to this portion of the charge says: "While the jury were instructed as to the requisites of murder of the first degree in the first clause of the above instruction, they were in the second clause instructed, that to reduce the offense to murder of the second degree, two or more of the requisites of murder of the first degree must be wanting"; and then proceeds to argue that the instructions are contradictory, and that they misled the jury to the prejudice of the defendant.

There is some plausibility in the contention of the counsel upon the premises on which he has constructed his argument. But in presenting this question he has omitted from the direction of the court a material portion of it in relation to the very subject-matter of his contention. We quote here the omitted portion, which precedes immediately the portion quoted by him:—

"The chief difference which distinguishes murder of the first degree from murder of the second degree consists in the presence or absence of a wilful, deliberate, and premeditated intent to kill. If you find the defendant guilty of murder the next question to be determined is, was the murder accompanied with a deliberate and clear intent to take life? In order to constitute murder of the first degree the intent to kill must be the result of deliberate premeditation. It must be formed upon a pre-existing reflection, and not upon a sudden heat of passion

sufficient to preclude the idea of deliberation. There need be no appreciable space of time between the intention to kill and the act of killing; they may be as instantaneous as successive thoughts of the mind."

The court had previously in the charge defined murder in the language of the Code (Penal Code, § 187), and had pointed out the distinction between express and implied malice as given in section 168 of the same Code.

The foregoing explains the language referred to by counsel, and is in accordance with the provisions of the Penal Code (§ 189), indicating the difference between murder of the first and murder of the second degree. Certainly, the only fair mode of arriving at the meaning of a judge's charge on any subject to which it relates, is to consider the whole of it relating to the particular subject on which he is giving directions. This we have done in regard to the charge before us, and, applying this well-known rule of interpretation, we cannot avoid the conclusion that the counsel has gone astray in his contention, and the court has not erred. We see nothing in the charge on the matter discussed at all calculated to mislead or confuse the jury.

3. It is further contended that the court erred in giving the instructions relating to arrest by a private person. As to this matter, the court instructed the jury in the identical words of section 837 of the Penal Code, and added the following: "The crime of assault with intent to commit murder is a felony. It is right and is expected of all good citizens that they aid in the capture or arrest of any person who has committed a felony."

In relation to the above, this point is made, that the court assumed the existence of testimony, and of facts of which there was no proof whatever.

The evidence abundantly justifies the directions, and called for the observations made by the court. The evidence tends to show this: The defendant met, in the street in the city of Sacramento, one Erickson, drew a pistol and shot at him; he then fled, was pursued by a crowd of men with a view to capture him. While the pursuit was going on, the deceased, one James Lansing, joined in it, and, while thus in pursuit of the defendant, defendant turned and shot at Lansing, inflicting a fatal wound, of which, in a few hours afterwards, Lansing died.

Under such circumstances the point contended for by counsel is untenable. We fail to perceive any error in the ruling of the court on this point.

4. The defendant asked an instruction as follows:—

"If a timid, cowardly man, much alarmed, in imminent danger of a violent and instant assault, and cut off from the chances of probable assistance, as the result of fear, kill the man from whom the danger is apprehended, and the jury believe that the defendant was in danger of great bodily harm from the deceased, or thought himself so, then the killing would be in self-defense. And if the defendant thought the deceased intended to commit a battery upon him less violent, to prevent which he killed him, the killing would be manslaughter, and you must so find your verdict."

The court refused this request, and defendant excepted.

The requested instruction abounds in error. In the first place there is no evidence that the defendant is or was a timid, cowardly man, nor is there any circumstance from which such could be reasonably inferred. Nor do we perceive that there was the least evidence that defendant was in imminent danger of a violent or instant assault by the deceased. There is no evidence whatever that defendant was in the least danger of great bodily harm from Lansing, and nothing tending to show it. Lansing was pursuing the defendant with other persons to arrest him on account of his having shot at Erickson, was unarmed, and while so pursuing him and unarmed received at the hand of the defendant the fatal wound of which he afterward died. There are other considerations which demonstrate that the request was properly refused, but deeming the foregoing sufficient, we forbear to discuss the point further.

5. It is said that the court erred in its direction to the jury in regard to the right of self-defense.

The direction challenged here is substantially the same as that given in *People* v. *Herbert*, and approved by this court in Bank, 61 Cal. 544. On the authority of the case last mentioned we must hold the direction without error.

It is further argued that the verdict is contrary to the law and the evidence.

It is said that to constitute murder of the first degree express

malice must be proved; that it must be proved *aliunde,* and that it cannot be inferred or implied alone from the act done, or the means used in doing it. To this we have only to say that the questions as to malice were fairly submitted to the jury, the proper tribunal to pass on them, and that they were submitted with appropriate directions.

We find nothing in the case which calls for any other judgment than that of affirmance.

Judgment and order affirmed.

MYRICK, J., McKEE, J., McKINSTRY, J., and Ross, J., concurred.