People *v.* Belencia.

# THE PEOPLE *v.* BELENCIA.

On a trial for murder, under our statute, where the means employed in the killing are not such as to determine the degree of the offense, proof that the defendant was drunk at the time of the killing is admissible in his favor.

Presumptively, every killing is a murder; but so far as the degree is concerned, no presumption arises from the mere fact of the killing, considered apart from the circumstances under which it occurred.

The question of degree is one of fact, to be determined by the jury from the evidence; and drunkenness, as evidence of a want of premeditation, is not within the rule which excludes it as an excuse.

A man who is drunk may act with premeditation as well as a sober one, and is equally responsible for the consequences of his act; but in determining the question of premeditation, the defendant's condition, as drunk or sober, and any other fact tending to show his mental *status* at the time, is proper for the consideration of the jury.

The weight to be given to such evidence is a matter for the jury to determine; but it should be received with caution, and carefully examined in connection with the other circumstances.

APPEAL from the Eleventh Judicial District.

Indictment for murder. Before the trial the prisoner asked a continuance upon the ground of the absence of witnesses, by whom he could show that at the time of the commission of the homicide charged he was so intoxicated as not to know right from wrong. The District Attorney objected solely upon the ground that the evidence, if produced, would be incompetent, and the Court sustained the objection, to which the defendant excepted. Subsequently, during the progress of the trial, the defendant asked a question of a witness for the purpose of eliciting similar proof, as to his drunkenness, which was excluded for the same reason, and exception taken. Defendant was convicted of murder in the first degree.

*Thos. H. Williams,* for Appellant.

The evidence of intoxication was clearly admissible to show the want of that deliberation, willfulness, and premeditation, required by our statute to constitute murder in the first degree. It was not offered to mitigate or excuse the offense, but to show that the offense of which he was convicted—murder in the first degree—was not

committed. The doctrine contended for is clearly laid down in the decisions, based upon statutes similar to ours, collected in 1 Bennett & Heard's Leading Cases, 120–124.

*Attorney-General*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an appeal from a conviction upon an indictment for murder. On the trial of the case the defendant offered to show that when the homicide was committed he was so drunk as to be incapable of distinguishing between right and wrong. The Court excluded the evidence, holding that drunkenness, whatever its effect may have been upon the mental condition of the defendant, was no excuse for the commission of the offense. The exclusion of this evidence is assigned as error, and it is contended that under our statute creating two degrees of the offense the evidence was admissible, as indicative of the degree in which the defendant was guilty.

The statute provides that " all murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, etc., shall be deemed murder of the first degree ; and all other kinds of murder shall be deemed murder of the second degree ; and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree." In this case, the means employed in the killing were not such as to give character to the offense, and whether it was murder of the first or second degree depends upon the presence or absence of deliberation and premeditation in the commission of the act. If it was deliberate and premeditated, it was murder of the first degree ; otherwise, it was murder of the second degree ; and in determining the degree any evidence tending to show the mental *status* of the defendant was a proper subject for the consideration of the jury. The fact that the defendant was drunk does not render the act less criminal, and in that sense it is not available as an excuse, but

there is nothing in this to exclude it as evidence upon the question as to whether the act was deliberate and premeditated. It was murder, whether premeditated or not, and as between the two degrees of the offense there is no presumption or intendment of law in favor of the first. Presumptively, every killing is a murder; but so far as the degree is concerned, no presumption arises from the mere fact of the killing, considered separately and apart from the circumstances under which the killing occurred. The question is one of fact, to be determined by the jury from the evidence in the case, and is not a matter of legal conclusion; and drunkenness, as evidence of a want of premeditation, is not within the rule which excludes it as an excuse. It neither excuses the offense, nor avoids the punishment which the law inflicts when the character of the offense is ascertained and determined; and in admitting it, with reference solely to the question of premeditation, we encounter none of the evils against which the rule referred to was intended to operate. In cases of premeditated murder, the fact of drunkenness is immaterial; a man who is drunk may act with premeditation as well as a sober one, and is equally responsible for the consequences of his act. It is necessary, however, to prove that the act was premeditated, which involves, of course, an inquiry as to the state of mind under which the party committed it, and in the prosecution of such an inquiry his condition, as drunk or sober, is proper to be considered. The weight to be given to it is a matter for the jury to determine, and it is sufficient for us to say that it should be received with caution, and carefully examined in connection with all the circumstances of the case.

In *Pirkle* v. *The State* (9 Humph. 663) the same question arose under a statute of Tennessee similar to ours, and the Court, after reciting the statute, said: "It will frequently happen, when the killing is of such a character as the common law designates as murder, and it has not been perpetrated by means of poison, or by lying in wait, that it will be a vexed question whether the killing has been the result of sudden passion, produced by a cause inadequate to mitigate it to manslaughter, but still sufficient to mitigate it to murder in the second degree, if it be really the true cause of the excitement, or whether it has been the result of deliberation

and premeditation; and in all such cases, whatever fact is calculated to cast light upon the mental *status* of the offender is legitimate proof; and, among others, the fact that he was at the time drunk, not that this will excuse or mitigate the offense if it were done willfully, deliberately, maliciously, and premeditatedly, but to show that the killing did not spring from a premeditated purpose, but sudden passion, excited by inadequate provocation, such as might reasonably be expected to arouse sudden passion and heat to the point of taking life, without premeditation and deliberation. This distinction never can exist except between murder in the first and murder in the second degree under our statute. * * * If a drunken man commit willful, deliberate, malicious, and premeditated murder, he is in legal estimation guilty as if he was sober. If he do it by means of poison knowingly administered, or by lying in wait, these facts are as conclusive evidence against him as if he had been sober. If, from the proof, in the absence of such lying in wait, or administering poison, it shall appear that the killing was willful, deliberate, malicious, and premeditated, he is guilty as though he were sober. But in ascertaining the fact of such intention all the concomitant circumstances shall be heard, in order to enable the jury to judge whether such deliberate, willful, malicious, and premeditated design existed, or whether the killing was not the result of sudden heat and passion, produced by a sudden and unexpected controversy between the parties, but of such a character as not to mitigate the slaying to manslaughter. As between the two offenses of murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry; the killing being voluntary, the offense is necessarily murder in the second degree, unless the provocation were of such a character as would at common law constitute it manslaughter, and for which latter offense a drunken man is equally responsible as a sober one."

We are of opinion that the Court erred in excluding the evidence offered; and the judgment is reversed, and the cause remanded for a new trial.