[No. 20087. In Bank.—August 28, 1885.]

THE PEOPLE, RESPONDENT, *v.* EDWARD LANGTON, APPELLANT.

CRIMINAL LAW—MURDER—INSTRUCTION—PRESUMPTION AS TO INTENTION.—In a prosecution for murder, the court instructed the jury that "every person is presumed to intend what his acts indicate his intention to have been; and if the defendant fired a loaded pistol at the deceased and killed him, the law presumes that the defendant intended to kill the deceased; and unless the defendant can show that his intention was other than his act indicated, the law will not hold him guiltless." *Held,* that the instruction was proper.

ID.—DRUNKENNESS OF DEFENDANT.—As between murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Van Clief & Wehe,* for Appellant.

The fact of the drunkenness of the defendant should have been considered for the purpose of ascertaining whether or not the unlawful intent which is a necessary element of the crime of murder existed. (*People v. Harris,* 29 Cal. 678; *People v. Ferris,* 55 Cal. 588; *People v. Eastwood,* 14 N. Y. 562; *Roberts v. People,* 19 Mich. 401; *McIntyre v. People,* 38 Ill. 514; *Golliher v. Com.* 2 Duval, 163; *People v. Robinson,* 2 Parker, Cr. C. 235.)

*Attorney-General Marshall,* and *Stanley A. Smith,* for Respondent.

The intoxication of defendant was not a matter of inquiry. (*People v. Nichol,* 34 Cal. 211; *People v. Belencia,* 21 Cal. 544; *People v. Lewis,* 36 Cal. 531; *People v. Williams,* 43 Cal. 345; *People v. Ferris,* 55 Cal. 592; *People v. Jones,* 63 Cal. 168; Wharton's Criminal Law, §§ 35, 39; 1 Bishop's Criminal Law, §§ 400, 401, 409; Wharton on Homicide, §§ 588, 589.)

MORRISON, C. J.—Defendant was prosecuted for the crime of murder, and was convicted of murder in the second degree. On the trial of the case in the court below the following instruction was given to the jury:—

"Every person is presumed to intend what his acts indicate his intention to have been; and if the defendant fired a loaded pistol at the deceased and killed him, the law presumes that the defendant intended to kill the deceased; and unless the defendant can show that his intention was other than his act indicated, the law will not hold him guiltless."

"Unless the defendant can show that his intention was other than his acts indicated, the law will not hold him guiltless," is the portion of the instruction which struck us at first view as erroneous. It might be claimed that the defendant was required to show by evidence adduced by himself what his intention was, even though the fact appeared from evidence introduced by the prosecution that there were circumstances of mitigation or facts which reduced the crime as provided by section 1105 of the Penal Code. But on reflection we have concluded that such is not the proper meaning of the instruction. The words "unless the defendant can show," mean unless he can or does show from the whole evidence in the case, thus bringing himself within the meaning of the above section of the Code. It would be a strained construction of the language of the instruction to hold that the court meant or intended the jury to understand that the evidence must come from the defendant, and that they could not consider the whole evidence in the case as showing circumstances of mitigation or facts tending to reduce the degree of the crime or even to excuse or justify the same.

The appellant also complains of the second instruction which is as follows: "As between murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry, for manslaughter is the unlawful killing of a human being without malice, express or implied, and, without any mixture of deliberation," etc.

But is it true that drunkenness does form a legitimate matter of inquiry as between murder in the second degree and manslaughter? The trial court told the jury that it did not. The question is not a new one in this court. In the case of *People* v. *Nichol*, 34 Cal. 215, the court below charging the jury in a case of homicide said: "As between murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry, for manslaughter is the unlawful

killing of a human being without malice, express or implied, and without any admixture of deliberation." The defendant was convicted, and the judgment was affirmed by the Supreme Court. The instructions were quite numerous, including the one referred to, and speaking of them, Judge Sanderson delivering the opinion of the court said: "They are not even obnoxious to criticism." In the case of *Pirtle* v. *The State,* 9 Humph. 663, the Supreme Court of Tennessee says: "As between the two offenses of murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry; the killing being voluntary, the offense is necessarily murder in the second degree unless the provocation was of such a character as would at common law constitute it manslaughter, and for which latter offense a drunken man is equally responsible as a sober one." The case named is cited with approval by the Supreme Court in *People* v. *Belencia,* 21 Cal. 546, and the instruction in the case we are now considering is fully sustained by these authorities.

We find nothing in the record which calls for a reversal of the judgment, and therefore the same is affirmed, as is also the order denying a new trial.

MYRICK, J., ROSS, J., and THORNTON, J., concurred.