[No. 20517. In Bank. — August 5, 1889.]

## THE PEOPLE, RESPONDENT, *v.* WILLIAM BUSHTON, APPELLANT.

CRIMINAL LAW — HOMICIDE — EVIDENCE — IMPEACHMENT — CORONER'S INQUEST. — When a witness for the prosecution in a case of homicide testifies inconsistently with the testimony given by him at the coroner's inquest, it is proper to call his attention to what he had testified to before the coroner, and upon his denial of such testimony, to prove by the coroner that he did so testify.

ID. — REASONABLE DOUBT — BURDEN OF PROOF. — Although section 1108 of the Penal Code provides that upon a trial for murder, the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, it does not mean that he must prove such circumstances by a preponderance of the evidence, and he is only bound to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense charged. *People* v. *Hong Ah Duck*, 61 Cal. 395, and *People* v. *Raten*, 63 Cal. 422, overruled on this point.

ID. — PRESUMPTION AS TO INTENTION. — Every person is presumed to intend what his acts indicate his intention to have been, and if the evidence shows, beyond a reasonable doubt, that the defendant fired a loaded pistol at the deceased and killed him, the law presumes that the defendant intended to kill the deceased, and unless it is shown, by the evidence, that his intention was otherwise, the law will not hold him guiltless.

ID. — INSTRUCTION — EXCUSABLE HOMICIDE. — An instruction as to excusable homicide following the language of the code is proper.

ID. — FLIGHT OF DEFENDANT — ASSUMING CRIME IN INSTRUCTION. — An instruction that the flight of a person immediately after the commission of a crime, or after a crime has been committed with which he is charged, is a circumstance to be weighed by the jury, as tending in some degree to prove a consciousness of guilt, etc., and that if the jury find, from the evidence, that the deceased was killed as charged in the indictment, and that defendant immediately escaped, etc., it is a circumstance to be weighed by them, though not of itself establishing the guilt of the defendant, etc., is not objectionable as assuming that the crime charged against the defendant was committed.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court. ·

*W. B. Dillard,* for Appellant.

*Attorney-General Johnson,* for Respondent.

WORKS, J. —The defendant was charged with the crime of murder, and tried and convicted of manslaughter. His motion for a new trial was denied, and he appeals.

It is contended that the court below erred "in allowing purported testimony of the prosecuting witness, Hernandez, given at the coroner's inquest, to be read in the presence and hearing of the jury, and in allowing the coroner to give evidence of the purported testimony given before him by Hernandez on that occasion, and that it erred in not striking out such evidence as hearsay." The evidence referred to was introduced for the purpose of impeaching the witness Hernandez, who had been put upon the stand by the prosecution, and testified in such a way as to prejudice the people's case, and inconsistently with the testimony given by him at the coroner's inquest. It was proper, for this purpose, to call the attention of the witness to what he had testified before the coroner, and read the same in the presence of the jury, and upon his denial of said testimony, to prove that he did so testify. (Code Civ. Proc., secs. 2049, 2052.)

It is further contended that instructions 10, 11, 12, and 15, given by the court, were erroneous. The killing of the deceased by the defendant was admitted, but it was claimed at the trial that the killing was done accidentally. In its ninth instruction, which is not objected to, the court instructed the jury as follows:—

"9. Upon a trial for murder, the commission of a homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the

part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justified or excusable."

The instructions complained of are as follows:—

"10. Up to the moment when the killing is proved to have been committed by the defendant, the prosecution must make out its case beyond any reasonable doubt. When the killing is so proved, it devolves upon the defendant to show any circumstances of mitigation to excuse or justify it *by a preponderance of evidence on his part;* that is, the killing being proved, the defendant must make out his case in mitigation to excuse or justify it *by some stronger proof in some appreciable degree than the proof of the prosecution.* The burden of proof changes, and the proof on the part of the defendant must be in some degree stronger than the proof on the other side."

"11. Every person is presumed to intend what his acts indicate his intentions to have been; and if you find, from the evidence, beyond a reasonable doubt, that the defendant fired a loaded pistol at the deceased and killed him, the law presumes that the defendant intended to kill the deceased, and unless it is shown by the evidence that his intention was other than his acts indicated, the law will not hold him guiltless."

"12. Homicide is excusable in the following cases: 1. When committed by accident and misfortune, in lawfully correcting a child or servant, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent; 2. When committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, when no undue advantage is taken, nor any dangerous weapon used, and when the killing is not done in a cruel or unusual manner; and if you find, from the evidence, beyond a reasonable doubt, that the homicide was committed by the defendant at the time and place mentioned in the indictment, you

cannot by your verdict excuse him under the law, unless you find that such homicide was committed by accident and misfortune, in lawfully correcting a child or servant, or in doing any other lawful act, by lawful means, with usual and ordinary caution, and without any unlawful intent, or that such homicide was committed by the defendant by accident and misfortune, in the heat of passion; upon any sudden and sufficient provocation, or upon a sudden combat when no undue advantage was taken, or any dangerous weapon used, and when the killing is not done in a cruel and unusual manner."

" 15. The flight of a person immediately after the commission of a crime, or after a crime has been committed with which he is charged, is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and entitled to more or less weight, according to the circumstances of the particular case. Evidence of flight is received, not as a part of the *res gestæ* of the criminal act itself, but as indicative of a guilty mind; and if you find, from the evidence in this case, that Louis Cupis was killed as charged in the indictment, and that immediately after such killing the defendant left and escaped from the place and the vicinity of the killing, it is a circumstance to be weighed by you, gentlemen of the jury, as tending in some degree to prove a consciousness of guilt. It is not sufficient of itself to establish the guilt of the defendant, but the weight to which that circumstance is entitled is a matter for you to determine, in connection with all the facts and circumstances called out in the case."

The tenth instruction was erroneous. Section 1105 of the Penal Code provides: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to man-

slaughter, or that the defendant was justified or excusable."

The section casts upon the defendant the burden of proving circumstances of mitigation, or that justify or excuse the commission of the homicide. This does not mean that he must prove such circumstances *by a preponderance of the evidence,* but that the presumption that the killing was felonious arises from the mere proof by the prosecution of the homicide, and the burden of proving circumstances of mitigation, etc., is thereby cast upon him. He is only bound under this rule to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense charged. (*People* v. *Flanagan,* 60 Cal. 3; 44 Am. Rep. 52; *People* v. *Smith,* 59 Cal. 607.) It can make no difference whether this reasonable doubt is the result of evidence on the part of the defendant tending to show circumstances of mitigation, or that justify or excuse the killing, or from other evidence coming from him or the prosecution. The well-settled rule that a defendant shall not be convicted unless the evidence proves his guilt beyond a reasonable doubt applies to the whole and every material part of the case, no matter whether it is as to the act of killing, or the reason for or manner of its commission.

The section under consideration was not intended to, and does not, change this rule as to the weight of the evidence. It simply provides that, certain facts being proved, the presumption of guilt shall follow, unless the defendant shall himself prove certain other facts. It does not attempt to provide the degree of proof required of him, but leaves the rule as to the degree of evidence necessary to convict as it was before. The jury should have been instructed that the burden of proving circumstances of mitigation, or that justified or excused the killing, devolved upon the defendant, but that if, upon the whole case, they entertained a reasonable doubt from

the evidence as to his guilt, he should be acquitted. Any other rule as to the weight of the evidence makes one measure applicable to one part of the case and a different one to another part, and leads to confusion.

In justice to the learned judge of the court below, we must say that the instruction given is warranted by some of the decisions of this court (*People* v. *Hong Ah Duck*, 61 Cal. 395; *People* v. *Raten*, 63 Cal. 422); but on mature consideration we feel constrained to hold that they were based upon an erroneous construction of section 1105 of the Penal Code.

The eleventh instruction stated the law correctly. (*People* v. *Langton*, 67 Cal. 427.)

It is claimed that the twelfth instruction was erroneous, because it required both accident and misfortune to constitute a defense. The instruction used the language of the code, and was proper. (Pen. Code, sec. 195.)

It is urged that the fifteenth instruction assumed that the crime charged was committed, and was for that reason erroneous. We see nothing in the language of the instruction from which it could be inferred that the court assumed, or intended to assume, that the crime charged had been committed.

For the error in giving the tenth instruction, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

PATERSON, J., SHARPSTEIN, J., McFARLAND, J., and BEATTY, C. J., concurred.

Rehearing denied.

THORNTON, J., dissenting. — I dissent from the judgment in this case, and from the order denying a rehearing. I think there was no error in the instructions given in the case. They accord with the ruling in *People* v. *Hong Ah Duck*, 61 Cal. 387, and *People* v. *Raten*, 63 Cal. 421.