## THE PEOPLE, RESPONDENT, *v.* WILLIAM BOLING, APPELLANT.

CRIMINAL LAW — CHALLENGE FOR ACTUAL BIAS — EXCEPTIONS. — If no exceptions are taken to the admission or rejection of testimony upon the trial of a challenge of a juror for actual bias, the disallowance of the challenge cannot be reviewed, nor can any exception be taken to the decision disallowing the challenge.

ID. — HOMICIDE — CONVICTION FOR MANSLAUGHTER — ERRONEOUS INSTRUCTION AS TO MALICE. — When a defendant charged with murder is only convicted of manslaughter, an erroneous instruction upon the subject of malice could not have operated to his prejudice, as he was by the conviction acquitted of malice in the killing.

ID. — BURDEN OF PROOF — PRESUMPTION OF UNLAWFUL INTENT — REASONABLE DOUBT. — Section 1105 of the Penal Code casts upon a defendant accused of homicide the burden of proving circumstances of mitigation, or that justify or excuse the homicide, the unlawful act being presumed to have been done with unlawful intent; but in sustaining the burden of proof, it is not required that such circumstances of mitigation or excuse should be proved by a preponderance of evidence, but the unlawful intent may be rebutted by any evidence which may raise in the minds of the jury a reasonable doubt of its existence.

ID. — APPEAL — REVIEW OF EVIDENCE AS TO SELF-DEFENSE. — The evidence as to self-defense will not warrant the appellate court in disturbing a verdict of guilty of manslaughter, unless clearly showing that the jury convicted the defendant against all the evidence.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Ernest & William Graves,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of the crime of manslaughter, under an information charging him with murder; from the judgment and an order denying a new trial he appeals.

His first point is, that the court erred in not allowing his challenges as to three persons sworn to answer ques-

tions as jurors, on the ground of actual bias. There was no exception taken to the decision of the court in the admission or rejection of testimony upon the trial of the challenges.

It has been often held by the appellate court that no exception can be taken to a decision disallowing a challenge to a juror for actual bias; that section 1170 of the Penal Code does not authorize it. (*People* v. *Riley,* 65 Cal. 108, and cases there cited.)

It is also urged that the court erred in giving, of its own motion, a part of instruction 8, which is: "When the act is proved to have been done by the defendant, if it be an act itself unlawful, the law in the first instance presumes it to have been intended, and the proof of justification or excuse lies on the defendant to overcome this legal and natural presumption." And also in giving in the same way this part of instruction 9: "Malice is implied by law from any deliberate, cruel act, committed by one person against another, however sudden; as when a man kills another suddenly, without any considerable provocation, the law implies malice, and unless overcome by preponderating proof the other way, it must be held murder. "If malice be proved to the satisfaction of the jury, beyond all reasonable doubt, to have existed a short time before the crime was committed, if any there was, it will be presumed to have continued down to the actual commission, unless modifying circumstances are shown to have taken place, or the defendant is in some other way proved to have acted under fresh controlling motives."

As to the last-mentioned instruction, it may be said that, even conceding it to have been erroneous under the rule laid down in *People* v. *Bushton,* 80 Cal. 160, we do not perceive that the defendant suffered any injury. He was not convicted of murder, where the ingredient of malice is necessary to be proven, but was convicted of manslaughter. The instruction could not have preju-

diced him, as he was acquited of malice in the killing. (*People* v. *O'Neil*, 67 Cal. 379, and cases cited.)

The first-mentioned instruction, it is urged, shifts the burden of proving that killing was justifiable on the defendant, after it is proved that the killing charged was done by him, which is in itself unlawful. The instruction does undoubtedly require that the defendant shall remove by some kind of evidence in the case (whether appearing in his own or the people's evidence is not important) the presumption which arises from his having killed the deceased, and to that extent the law does shift the burden of proof on him; but the instruction does not declare that it shall be incumbent on him to remove the presumption by a *preponderance* of evidence, which was the vice found in the instruction declared erroneous in the Bushton case, *supra*. As was said in that case, page 164: "The section [1105, Pen. Code] casts upon the defendant the burden of proving circumstances of mitigation, or that justify or excuse the commission of the homicide. This does not mean that he must prove such circumstances *by a preponderance of the evidence*, but that the presumption that the killing was felonious arises from the mere proof by the prosecution of the homicide, and the burden of proving circumstances of mitigation, etc., is thereby cast upon him. He is only bound, under this rule, to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense charged."

An unlawful act is presumed to have been done with unlawful intent. (Code Civ. Proc., sec. 1963, subd. 2.) But such intent may be controverted by other evidence; and in a case of this sort, as we have seen, the intent may be rebutted by any evidence which may raise in the minds of the jury a reasonable doubt of its existence, but such rebuttal it is incumbent on the defendant to make somewhere in the evidence.

The jury were directed, in instruction 5, given on the

part of the court, that they could not convict the defendant of manslaughter unless they were convinced, beyond a reasonable doubt, that the deceased was killed, that the killing was unlawful, and that it was done by the defendant. The instruction complained of did not conflict with this fifth instruction, but simply stated in addition that the killing by the defendant once proved, there must appear, from the evidence, something to rebut the presumption that it was unlawful, and still left the fifth instruction unimpaired as to the requirement that all the concomitants of manslaughter must be proved beyond a reasonable doubt. In fact, in various other portions of the instructions, the necessity that the defendant should not be found guilty under the information unless the jury were satisfied, from the evidence, beyond all reasonable doubt, that all the elements necessary to constitute his guilt of such crime existed, was fully and forcibly expressed.

As to the point that the evidence shows, without conflict, that the defendant acted in self-defense, and was innocent of all crime, and was improperly convicted, it is simply to be said that such a state of facts does not so clearly appear as to warrant us in declaring that the jury convicted the defendant against all the evidence. What was said, what appearance the witnesses presented, and how they impressed the jury by their acts and language, the jury were in a better position to appreciate than an appellate court can be, and we do not think their verdict on that account should be disturbed.

No prejudicial error appearing, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.