[No. 20914.    Department Two. — September 23, 1892.]

THE PEOPLE, RESPONDENT, *v.* NICODEMUS UR-QUIDAS, APPELLANT.

96  239
a129  505

96  239
f130  167,

CRIMINAL LAW — BURGLARY — INTENT TO COMMIT LARCENY — INSTRUCTION — "INTENTION OF STEALING." — An instruction to the jury, upon the trial of a defendant charged with entering a barn with intent to commit larceny, to the effect that if they believed that the defendant entered the barn "with the intention of stealing hay therein," the offense of burglary was complete, "whether the defendant actually stole hay or not," is not erroneous or misleading in using the words "stealing" and "stole" instead of the word "larceny."

ID. — RELIABILITY OF CIRCUMSTANTIAL EVIDENCE — INSTRUCTION. — An instruction to a jury in a criminal prosecution, that "there is nothing in the nature of circumstantial evidence that renders it less reliable than other classes of evidence," states the law correctly.

ID. — BURGLARY IN SECOND DEGREE — OMISSION TO INSTRUCT AS TO DEGREE. — A defendant found guilty of burglary in the second degree is not prejudiced by the omission of the court to distinctly point out to the jury the difference between burglary of the first and second degrees.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE. — To entitle a party to a new trial upon the ground of newly discovered evidence, it must appear, — 1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the

cause; 4. That the party could not, with reasonable diligence, have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.

ID. — DISCRETION — REVIEW UPON APPEAL. — An application for a new trial, upon the ground of newly discovered evidence, is addressed to the discretion of the trial court, and its action will not be disturbed upon appeal, except for an abuse of discretion.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Shinn & Ling*, for Appellant.

*Attorney-General W. H. H. Hart*, and *District Attorney James McLachlan*, for Respondent.

BELCHER, C. — The defendant was convicted of the crime of burglary in the second degree, and sentenced to be imprisoned in the state prison for the term of one year. The appeal is from the judgment and an order denying a new trial.

The charge was, that the defendant entered the barn of one Beale, with intent to commit larceny, and the evidence on the part of the prosecution tended to show that such an entry was made by defendant about two o'clock in the morning. The judgment cannot be reversed, therefore, for want of evidence to justify the verdict.

It is claimed that the court erred in refusing to strike out, on motion of defendant, a portion of the testimony of the witness Rose, and in admitting, over the objection of defendant, another portion of the testimony of the same witness. In answer to this claim, we think it enough to say that we see no error in the rulings complained of.

In one of the instructions given at the request of the people, the court told the jury: " If you believe from the evidence, beyond a reasonable doubt, that defendant entered the barn of witness Beale, as charged in the information, with the intention of stealing hay therein, then the offense of burglary would be complete, whether the defendant actually stole hay or not, nor would

make any difference how defendant effected his entrance into the barn in question."

It is claimed that the instruction was erroneous, and it is said: "The jury were not given the legal definition of 'burglary' in any instruction, unless it be in this one. The words 'stole' and 'stealing' are not equivalent to the word 'larceny,' and where the court attempts to define the crime, the words, or equivalent words, of the code must be used. The words 'stole' and 'stealing' are not equivalent thereto, hence prejudicial error is assumed."

We see no merit in this point. If the defendant entered the barn "with the intention of stealing hay therein," he entered "with intent to commit grand or petit larceny," and the jury must have so understood it.

In another instruction given at the request of the people, the jury were told: "There is nothing in the nature of circumstantial evidence that renders it less reliable than other classes of evidence."

It is claimed that this instruction was erroneous, for the reason, — 1. That it directs the jury what weight to give to this particular kind of evidence; and 2. That it is not true.

The words quoted and objected to are only a part of a quite lengthy instruction. In *People* v. *Morrow*, 60 Cal. 142, substantially the same instruction was given to the jury, and it was held by this court that "it contains a correct statement of the law, and was free from legal exception." That decision was undoubtedly correct, and should be adhered to.

As a whole, the instructions stated the law applicable to the case very fully and fairly. And if the court should have pointed out more distinctly the difference between burglary of the first and second degrees, still the defendant was not prejudiced by the omission, as he was found guilty only of the lesser offense.

One of the grounds upon which a new trial was asked was that of newly discovered evidence.

In *People* v. *Sutton*, 73 Cal. 243, it is said: "To entitle

a party to a new trial on the ground of newly discovered evidence, it must appear, — '1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not, with reasonable diligence, have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.' (1 Hayne on New Trial and Appeal, sec. 88.) 'Applications on this ground are addressed to the discretion of the court below, and the action of the court below will not be disturbed, except for an abuse of discretion, the presumption being that the discretion was properly exercised.' (1 Hayne on New Trial and Appeal, sec. 87.)"

In this case the affidavits offered in support of the motion were in contradiction of the evidence introduced by the people, and in support of that given by the defendant. The evidence was cumulative, and it fails to satisfy us that it would have rendered a different result probable on a retrial of the cause. We can, therefore, see no abuse of discretion by the trial court in denying the motion.

We advise that the judgment and order be affirmed.

Vanclief, C., and Foote, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

McFarland, J., De Haven, J., Sharpstein, J.