[Crim. No. 945. First Appellate District, Division One.—September 3, 1921.]

## THE PEOPLE, Respondent, v. ANGELO ZARI, Appellant.

[1] CRIMINAL LAW—DEFENSE OF INSANITY—EVIDENCE.—Where a defendant in a criminal action interposes the defense of insanity, it is incumbent upon him to establish it by a preponderance of the evidence.

[2] ID.—MURDER IN FIRST DEGREE—SUFFICIENCY OF EVIDENCE.—In this prosecution of the defendant for the killing of his wife, the contention that he was improperly convicted of murder upon facts showing nothing more than manslaughter cannot be upheld in view of the record, which amply supports the theory of the prosecution that the killing was without provocation and under such circumstances as to show an abandoned and malignant heart.

[3] ID. — IRRATIONAL CONDITION — EFFECT OF — INSTRUCTION. — An instruction that if the jury believed from the evidence that the defendant's mind was irrational at the time of the homicide, even though caused by the continual or excessive use of alcoholic or intoxicating beverages, it was its duty to find the defendant not guilty by reason of insanity, is not a correct statement of the law, since although one may be irrational, yet if he has reasoning capacity sufficient to distinguish between right and wrong as to the particular act he is doing, and to know that it is wrong and criminal, and will subject him to punishment, he must be held responsible for his conduct.

[4] ID. — DISREGARD OF SYMPATHY — INSTRUCTION. — An instruction to the effect that the jury should not be governed by sympathy is proper.

[5] ID. — ORAL INSTRUCTIONS — REDUCTION OF PORTION TO WRITING — REQUEST OF JURY—CONSTRUCTION OF CODE.—Section 1137 of the Penal Code, which provides that upon retiring, the jury may take with it the written instructions given, does not prohibit the court, where the charge is given orally, from reducing to writing, if requested by the jury, any portion of its charge without reducing the whole thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Burden of proving insanity as defense to a crime, note, 97 Am. Dec. 176.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—The appellant was convicted of the crime of murder in the first degree and sentenced to a term of life imprisonment. He appeals from the order denying his motion for a new trial and from the judgment.

The facts are few and simple. On May 17, 1920, in a dispute over the possession of certain bank-books, the defendant cut his wife's throat with a pocket-knife, inflicting injuries from which she died instantly. There were no eye-witnesses to the homicide. Neighbors who heard sounds of the disturbance in the Zari home summoned the police officers. When they arrived the wife lay dead upon the floor, and the defendant was lying near, face downward, with a long cut, described by the surgeons as "more of a superficial wound," across his neck. He had the knife in his hand. When removed to the emergency hospital for treatment the defendant told a representative of the district attorney's office that he "had some trouble with her [his wife] and he killed her with a knife." Later, on the same day, a police officer asked him, "Why did you kill your wife?" and he replied, "I killed her because she had the bank-books and wouldn't give them back to me."

[1] The defendant interposed and sought to sustain the defense of insanity. It was incumbent upon him to establish such insanity by a preponderance of the evidence. In the estimation of the jury he did not do so, and it therefore properly disregarded the plea. (*People* v. *Willard*, 150 Cal. 543, 552, [89 Pac. 124].) [2] He now contends that he was improperly convicted of murder, upon facts which show nothing more than manslaughter. We have carefully scrutinized the record and are fully satisfied that this contention cannot be upheld. It is very evident that the jury was not impressed with the story told by the defendant in the light of other compelling features of the case. The circumstances surrounding the brutal killing of the defendant's wife, and the events leading up to it, confirm his own admissions made immediately following the

commission of the crime. The record amply supports the theory of the prosecution, which was manifestly accepted by the jury, that the killing was without considerable, or any, provocation, and under such circumstances as to show an abandoned and malignant heart on the part of the defendant.

[3] The appellant complains of the refusal of the trial court to give certain instructions, but we find no error was thus committed. The requested instruction that absence of proof of motive is a circumstance tending to show innocence, and might in itself create a reasonable doubt of guilt, was properly covered by an instruction given by the court. The requested instruction that if the jury believed from the evidence that the defendant's mind was irrational at the time of the homicide, even though caused by the continual or excessive use of alcoholic or intoxicating beverages, it was its duty to find the defendant not guilty by reason of insanity, was properly refused. It is not a correct statement of the law on the matter. Although one may be irrational, yet if he has reasoning capacity sufficient to distinguish between right and wrong as to the particular act he is doing, and to know that it is wrong and criminal, and will subject him to punishment, he must be held responsible for his conduct. (*People* v. *Willard,* 150 Cal. 554, [89 Pac. 124].) The question of insanity and its relation to this case was amply covered by the court's charge. The defendant submitted two instructions relating to manslaughter which the court might properly have given. The omission, however, was cured by another instruction, and the submission to the jury of a form of verdict by which it might have returned a verdict of manslaughter, had it been so disposed.

[4] Appellant also complains of the giving of certain instructions. The precise instruction, given in the case— to the effect that the jury should not be governed by sympathy—was approved in *People* v. *Borjorquez,* 35 Cal. App. 350, 353, [169 Pac. 922]. The instruction that the jury was not to consider whether or not the defendant was insane at the time of the trial, but was to consider him then sane, was proper. The instruction that if the jury believed that the evidence proved to a moral certainty and beyond a reasonable doubt that the acts of the defendant were

inspired by hatred and revenge, and were not those of an insane person, it was its duty to find the defendant guilty, when read with the other instructions, was not error. The instruction that the law conclusively presumes a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another was also proper. (Code Civ. Proc., sec. 1963, subd. 2; *People* v. *Bushton*, 80 Cal. 160, 165, [22 Pac. 127, 549]; *People* v. *Boling*, 83 Cal. 380, 382, [23 Pac. 421].)

[5] The giving of written instructions was waived by both sides, and the court delivered its charge orally. During its deliberations the jury returned to the courtroom and requested a further explanation of the meaning of the word "malice." The court thereupon read to the jurors section 188 of the Penal Code. One of them requested that the code section be copied and delivered to the foreman, to be taken into the jury-room. The defendant objected unless all of the instructions were reduced to writing and handed to the jury. The objection was overruled. The section was copied and delivered to the jury as requested. The appellant now assigns this conduct as prejudicial error. He bases his contention upon his construction of section 1137 of the Penal Code, which provides that upon retiring, the jury may take with it "the written instructions given." We do not think it was ever contemplated by the legislature that the court might not, if requested by the jury, reduce to writing a portion of the oral instructions, and submit it to them for consideration, just as it might if the instructions had, in fact, been part of a written charge. To hold that under such circumstances as those here reviewed it was incumbent upon the trial judge to reduce a lengthy charge to writing, in order to allow one short code section to be copied and taken into the jury-room for the instruction of the jurors, who asked for nothing more, would result in working an absurdity. The point is absolutely devoid of merit.

The order denying a new trial and the judgment are, and each is, affirmed.

Kerrigan, J., and Richards, J., concurred.