[Crim. No. 3223. In Bank.—October 24, 1929.]

THE PEOPLE, Respondent, v. RALPH N. POST, Appellant.

Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and John D. Richer, Deputies Attorney-General, for Respondent.

RICHARDS, J.—The appellant was informed against in the Superior Court in and for the County of San Diego for the crime of murder and was convicted of the crime of manslaughter, and from the judgment and order denying his motion for a new trial he appealed to the District Court of Appeal in and for the Second District, Division One, which tribunal affirmed said judgment; whereupon a petition for hearing in this court was duly made and granted. The appellant presented to the appellate tribunal a number of contentions in urging a reversal of the judgment. These were disposed of in the main adversely to the appellant and were, with the exception of a single contention which appellant urges before this court, correctly disposed of. The sole contention which the appellant has presented in his brief for the consideration of this court arises out of the giving of the following instruction to the jury:

"You are instructed that up to the moment when the killing is proved the prosecution must make out its case beyond any reasonable doubt. When the killing is proved, it devolves upon the defendant to show any circumstances in mitigation to excuse or justify by a preponderance of evidence on his part. That is, the killing being proved, the defendant must make out his case in mitigation to excuse or justify by some proof stronger in some appreciable degree than the proof of the prosecution. The burden of proof changes. It must be in some degree, no matter how small, stronger than the proof of the prosecution on the other side."

The foregoing instruction was an apparent paraphrase of section 1105 of the Penal Code, which reads as follows:

"When burden of proof shifts in trials for murder.

"Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

It is the contention of the appellant that the foregoing instruction departed, in at least two vital particulars, from the language and intent of the section of the Penal Code above quoted, and in so doing imposed upon the defendant certain burdens which the letter and spirit of the law generally relating to trials for murder do not justify, and that said instruction was, for the reasons urged, prejudicially erroneous so as to entitle him to a reversal of the judgment. That this instruction does so depart from the language and apparent intent of the foregoing section of the Penal Code is made apparent by a comparison of the instruction with said provision. The code section in its opening sentence states that "Upon a trial for murder, the commission of the homicide *by the defendant* being proved, the burden," etc. The opening sentences of the instruction read: "You are instructed that *up to the moment when the · killing is proved* the prosecution must make out its case beyond any reasonable doubt. When the killing is proved, it devolves upon the defendant," etc. It is thus made plain that while the section of the Penal Code above quoted re-

quires the presentation of proof of the commission of the homicide *by the defendant* before the burden of presenting evidence tending to prove circumstances in mitigation, justification or excuse, the instruction by its terms placed no such requirement upon the prosecution, but, on the contrary, informed the jury that from and after the moment in the trial of the cause when the killing was proved, the burden shifted to the defendant to establish whatever circumstances in mitigation, justification or excuse of the homicide might constitute his defense. It will thus be seen that an entirely different rule is declared in this instruction for the shifting of the burden of proof from that which the terms and intent of the foregoing section of the Penal Code provide. The importance of this variation in so far as it may be found to have constituted prejudicial error is discovered when the facts of the instant case come under review. The homicide in question occurred on the evening of April 8, 1928, and resulted in the death of a woman named Parentha K. Simpson, who at the moment thereof was riding with the defendant in an automobile of which he was the driver, along the pier abutting upon the bay of San Diego, when suddenly the automobile was so turned as to run off the pier into the deep water of the bay. The defendant, by breaking a window, escaped from the submerged car, but the woman was drowned. The defendant, upon being charged with her murder, insisted throughout that the casualty was accidental and was caused by the fact that when the machine was being driven by him slowly near the edge of the pier it ran into a depression of some sort, whereupon the woman frantically seized the wheel and turned the car into the bay. ■ It is thus seen that while the killing of the deceased was an admitted fact in the case, the question as to whether such killing had occurred through any wilful act of the defendant was at all times an issue in the case. This being so, the defendant was entitled to have the burden of proof as to the commission of the homicide by him remain with the prosecution until sufficient evidence had been introduced to establish at least *prima facie* the *corpus delicti* as to him. All that the foregoing instruction, however, required of the prosecution was the mere proof of the death of the deceased in order to shift the burden of proof from the People to the defendant.

That such instruction was erroneous in that regard standing alone was practically admitted by counsel for the People.

It was, however, urged by the latter that when the foregoing instruction is considered in connection with the other instructions in the case, and also in the light of the evidence produced upon the trial thereof as to the circumstances attending the decedent's death, and which circumstances were fully presented by the prosecution upon its main case, the defendant was not prejudicially harmed by the giving of that portion of the instructions above referred to. We would be inclined to adopt this view were it not for the inclusion in the instruction of the concluding portions thereof which constitute the appellant's main ground for his claim of prejudicial error. The instruction proceeded to say that upon proof of the killing "it devolves upon the defendant to show any circumstances in mitigation to excuse or justify by a preponderance of evidence on his part." The instruction proceeded to amplify the latter statement by the following illustration thereof by stating that, "The killing being proved, the defendant must make out his case in mitigation to excuse or justify by some proof stronger in some appreciable degree than the proof of the prosecution. The burden of proof changes. It must be in some degree, no matter how small, stronger than the proof of the prosecution on the other side." The foregoing instruction as given in its entirety by the trial court seems to have been taken bodily from the instructions given to the jury in the case of *People* v. *Hong Ah Duck,* 61 Cal. 387, 394, and the instruction as thus given in that case met, for the time being, with the approval of this court. In the case of *People* v. *Bushton,* 80 Cal. 160, 165 [22 Pac. 127, 129], this court expressly withdrew its approval of said instruction, holding that the same as given in the Hong Ah Duck case was "based upon an erroneous construction of section 1105 of the Penal Code, and the Bushton case was reversed on account of the giving of such or a similar instruction. In the case of *People* v. *Elliott,* 80 Cal. 296 [22 Pac. 207], this court again expressed its disapproval of an instruction in substantially the same form, holding that the same was not only erroneous, but was prejudicially so, and reversing the case. The particular ground upon which this court in the two foregoing cases based its conclusion was that

under section 1105 of the Penal Code the only burden cast upon the defendant under the provisions of said section of the code was that of presenting evidence sufficient to create in the minds of the jurors a reasonable doubt as to his guilt, and this conclusion as to the proper interpretation to be placed upon the foregoing section of the Penal Code has been consistently adhered to by this court since its decision of the foregoing cases. The latest declaration of this court upon the subject is to be found in *People* v. *Roe*, 189 Cal. 550, 565 [209 Pac. 560, 567], wherein in criticising a somewhat similar instruction to that given in the instant case it was stated: "Under the law it was necessary only that defendant produce evidence the weight of which was sufficient to create in the minds of the jurors a reasonable doubt as to the existence of the alleged circumstances which justified the homicide, and if, based thereon, they entertained a reasonable doubt as to the existence of the same the defendant was entitled to an acquittal. By the instruction as given, defendant was required to produce in her defense evidence of greater weight than that which the law demands, the effect of which is identically the same as though she had been wrongly deprived of evidence touching the subject altogether." It is the contention of the respondent that conceding, as it must, the error in the foregoing instruction, it was rendered harmless by the fact that the jury having returned a verdict of manslaughter the instruction was rendered inapplicable to the case for the reason that section 1105 of the Penal Code has reference by its express terms only to trials for murder. It is argued by the respondent that since the jury apparently considered the evidence of the defense sufficient to so far mitigate the homicide as to only justify a verdict of manslaughter, the defendant has suffered no harm from the giving of such instruction. The difficulty with this contention consists in the fact that the instant case was a trial for murder and that the defendant's main defense consisted in his claim, supported by his evidence, that the homicide was excusable by virtue of the fact that the deceased herself was responsible for the accident which caused her death and that this fact, if believed by the jury, would have resulted in his acquittal rather than in a verdict of manslaughter, and that he was therefore entitled throughout the entire

trial to have the jury apply to this defense the rule as to reasonable doubt. A further answer to the contention of the respondent in this regard is to be found in the fact that in *People* v. *Bushton* and *People* v. *Elliott, supra,* the verdict of the jury was one of manslaughter, and that this court, notwithstanding, held the instruction herein criticised to have been prejudicially erroneous. ▮ It is the further contention of the respondent that the error complained of was one in procedure and that the same ought not to be held sufficiently prejudicial to justify a reversal of the case in view of the provisions of article VI, section 4½, of the Constitution. This question, however, was apparently put at rest by the decision of this court in *People* v. *Roe, supra,* wherein it was held that an instruction which cast upon the defendant the burden of establishing his defense by a preponderance of evidence was so far prejudicial as to take the case beyond the curative provisions of section 4½ of article VI of the Constitution. We are satisfied that a similar ruling should be applied to the facts and circumstances of the instant case.

It follows that the judgment and order should be reversed, and it is so ordered.

Curtis, J., Preston, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.