[Crim. No. 3903.   Second Dist., Div. Two.   Dec. 19, 1945.]

THE PEOPLE, Respondent, v. JOHN C. ARECHIGA, Appellant.

Rosalind Goodrich Bates for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney

and Robert Wheeler, Deputy District Attorney, for Respondent.

McCOMB, J.—From verdicts of guilty of (1) kidnapping and (2) rape, after trial before a jury, defendant appeals. There is also an appeal from an order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

At about 8:30 p. m., on March 18, 1944, Mary Fernandez, age 17, while on Ord Street, between Broadway and Castelar Streets in Los Angeles, California, was struck by defendant, pushed into his car, threatened that if she made any outcry he would strike her again, driven to the hills and there thrown to the ground. Defendant then had an act of sexual intercourse with her against her will.

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *There is not any substantial evidence to sustain the judgments of guilty.*

This proposition is untenable.

(a) Section 207 of the Penal Code so far as applicable here reads as follows:

"Every person who forcibly steals, takes, or arrests any person in this state, and carries him . . . into another part of the same county . . . is guilty of kidnaping."

█ Clearly the testimony of the complaining witness shows that defendant was guilty of kidnapping in violation of the provisions of the foregoing section when he forced Miss Fernandez to get into his automobile and took her to another part of Los Angeles County.

(b) So far as applicable here, section 261 of the Penal Code reads thus:

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: . . .

"(3) Where she resists, but her resistance is overcome by force or violence;

"(4) Where she is prevented from resisting by threats

of great and immediate bodily harm, accompanied by apparent power of execution, . . ."

Complaining witness testified that defendant had an act of sexual intercourse with her when she was not his wife, contrary to her will, her resistance being overcome by force and threats of great and immediate bodily harm. Clearly such evidence which was believed by the trial jury was substantial evidence of forcible rape as defined by section 261 of the Penal Code, *supra*. Conflicting evidence must be disregarded by this court since such evidence was for the consideration of the trier of fact; and where as in the instant case there is substantial evidence to sustain the finding of the trier of fact an appellate court will not disturb such finding. (See *People* v. *Pianezzi, supra*.)

There is no merit in defendant's contention that he was not guilty of rape because the doctor at the Receiving Hospital who examined Miss Fernandez shortly after she had been attacked testified that she was a virgin. Since the same doctor also testified that Miss Fernandez's hymen was not intact and that from the condition in which he found her private parts, penetration could have taken place. The effect to be given to this testimony was for the jury whose determination is binding upon this court.

Second: *The trial court committed prejudicial error in instructing the jury as follows:*

(a) *"By reason of the fact that charges of the nature involved in this case can easily be made and are often difficult to disprove I instruct you that it is your duty to examine with caution the testimony of the prosecuting witness. The fact that the charge here made, however, is one difficult to disprove should not deter you from rendering a verdict of guilty in the event you are convinced by the evidence beyond a reasonable doubt that defendant is guilty as charged."*

The foregoing instruction was correct and there is no merit in defendant's contention that the court destroyed the value of the cautionary instruction by coupling with it an instruction that although the charge was one difficult to disprove such fact should not deter the jury from rendering a verdict of guilty in the event they were convinced beyond a reasonable doubt of defendant's guilt. The first sentence of the instruction correctly states the law as set forth in *People* v. *Putnam*, 20 Cal.2d 885, 889 [129 P.2d 367], and *People* v.

*Williams,* 55 Cal.App.2d 696, 670 [131 P.2d 851]. There is no doubt the second sentence is also an accurate statement of the law of this state on the subject.

(b) *"You are not to be moved by passion, sympathy or prejudice to find a verdict of guilty on any counts of the information and unless you are convinced beyond a reasonable doubt from the evidence that the defendant is guilty as charged on one or any of the counts of the information you should find the defendant not guilty."*

■ The foregoing instruction was a correct statement of the principles of law involved therein and was properly given. (*People* v. *Bojorquez,* 35 Cal.App. 350, 353 [169 P. 922]; *People* v. *Woodcock,* 52 Cal.App. 412, 437 [6] [199 P. 565]; *People* v. *Zari,* 54 Cal.App. 133, 135 [201 P. 345].)

Third: *The trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence.*

■ This proposition is untenable. There is not any showing in the affidavits filed in support of the motion for a new trial that the alleged newly discovered evidence could not have been produced at the time of the trial. Therefore we may not disturb the ruling of the trial court in denying such motion. (*People* v. *Urquidas,* 96 Cal. 239, 241 et seq. [31 P. 52].)

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.