IRA BROWN v. STATE.

No. A-1359.   Opinion Filed February 3, 1912.

Appeal from Kay County Court; Claude Duval, Judge.

Ira Brown was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

W. B. Clark, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Kay county at the April, 1911, term on a charge of selling intoxicating liquor, and on the 11th day of May following adjudged to pay a fine of two hundred and fifty dollars and be confined in the county jail for a period of ninety days. The proof on the part of the state was by one witness, who is contradicted by witnesses for the defense and by the defendant himself. Among other instructions, the court gave the following:

"If you find that any witness has wilfully and knowingly testified falsely to any material question, you are then at liberty to disregard the whole of such witness' testimony, except so far as the same may be corroborated by other credible witnesses."

Such an instruction as this has been condemned by this court in many cases. In Rea v. State, 3 Okla. Cr. 269, the objection to this instruction is pointed out and made clear. The opinion in that case was filed on the 7th day of December, 1909. Just why many of the county courts of this state persist in giving instructions of this kind after they have been so often condemned, and so long condemned, is rather puzzling. It is more than two years since this doctrine was announced, and it has been uniformly followed. It is not the purpose of this court to assume a hostile attitude toward the inferior courts in any sense, but the people of this state are entitled to have the law properly administered. It costs the taxpayers of the various counties large sums of money to defray expenses of these prosecutions, and oftentimes guilty men are allowed to escape punishment by reason of errors that are inexcusable in the light of precedents that are before the trial courts for their guidance. In some cases this court might not feel called upon to reverse a case solely upon an objection to a particular instruction, on the theory that the evidence is conclusive as to the guilt of the accused. But in this case the great weight of the testimony is against the contention of the state. At least as to numbers of witnesses testifying. The judgment of the trial court is reversed, and this cause remanded with directions to grant a new trial.