## Will Rea v. State.

No. A-95.   Opinion Filed December 7, 1909.

(105 Pac. 381.)

1. **APPEAL—Reversal on Error of Law—Review of Evidence.** When an assignment of error that the evidence does not support the verdict is overruled, and the cause remanded on errors of law, the court will not discuss the evidence.

2. **INDICTMENT AND INFORMATION — Successive Information.** Section 5351, Wilson's Rev. & Ann. St. 1903, which provides that when a charge has been submitted to a grand jury, and no bill has been returned. it cannot be again submitted without direction from the court has no application to charges presented by information.

3.  **EVIDENCE — Evidence of Other Prosecutions — Admissibility.**
A defendant should be tried on the facts of the particular case
before the court. Evidence of other trials, indictments, or con-
victions not connected with the matter then on trial should not
be received.

4.  **EVIDENCE—Burden of Proof—Presumption of Innocence.** (a)
The burden of proof is on the prosecution to establish the
guilt of the defendant by legal evidence beyond a reasonable
doubt; and, if this is not done, he is entitled to be acquitted.
    (b) The defendant is presumed to be innocent until his
guilt is established by legal evidence beyond a reasonable doubt;
and, unless the jury are so satisfied, it is their duty to acquit
the defendant.

5.  **INSTRUCTIONS—Invasion of Province of Jury.** Section 5518,
Wilson's Rev. & Ann. St. 1904, makes the jury the exclusive
judges of all questions of fact. It is therefore error for the
trial court to instruct the jury that they are bound to accept
and act upon the testimony of an impeached witness if it has
been corroborated.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

Will Rea was convicted of unlawfully selling intoxicating liq-
uor, and he appeals. Reversed and remanded.

On the 14th day of February, 1908, Will Rea, hereinafter
called defendant, was convicted on a charge of selling intoxicating
liquor, in the county court of Pontotoc county, Okla., on informa-
tion, and his punishment was assessed at a fine of $500 and 60
days in jail. The case is properly before this court on appeal.

*Crawford & Bolen, B. C. King,* and *Galbraith & McKeown,*
for appellant.—On admissibility of evidence of other prosecutions:
*Slater v. State,* 1 Okla. Cr. 275. On instructions invading pro-
vince of jury: *Weber v. State,* 2 Okla. Cr. 329; *Shellabarger v.
Nafus,* 15 Kan. 554; *State v. Potter,* 16 Kan. 99.

FURMAN, PRESIDING JUDGE. First. The first assignment
of error is:

"The court erred in not granting a new trial, because the ver-
dict is contrary to the law and the evidence."

We cannot agree with this contention; but, as the judgment
will have to be reversed and remanded for a new trial on account

of errors of law committed during the trial, we do not deem it necessary to discuss the evidence.

Second. The second assignment. of error is as .follows:

"The court erred in overruling the motion of the defendant to quash the information, to which action the defendant at the time excepted and still expects."

This motion was based upon an affidavit to the effect that this identical offense had been previously investigated by the . grand jury, and that they refused to find an indictment against the defendant thereon, and that the offense had not been again referred to the grand jury by the court, and that no leave had been granted by the court to file the information herein. Section 5351, Wilson's Rev. & Ann. St. 1903, is as follows:

"The dismissal of the charge does not, however, prevent its being again submitted to a grand jury as often as the court may direct. But without such direction it cannot be again submitted."

This statute has no application to offenses prosecuted by information, and the court did not err in overruling the motion to quash the information upon this ground.

Third. The court erred in forcing the defendant to testify as to previous prosecutions against him, and as to any promises which he may have made to the people of Roff growing out of such prosecutions. The defendant should have been tried on the facts of the particular case then before the court. The question submitted to the jury was as to the guilt of the defendant on the charge then upon trial, and any reference to any former trial, indictments, or convictions was improper. *Slater v. State,* 1 Okla. Cr. 275, 98 Pac. 110.

Fourth. The defendant complains of the action of the trial court in giving the following instruction:

"(7) The defendant, as a defense, claims that he did not sell said intoxicating liquor at the time and the place as charged in said information; and, if you are satisfied from the evidence that the statements are true, your verdict should be a verdict of not guilty, because the defendant cannot be convicted in this case unless you are satisfied from the evidence beyond a reasonable doubt that the defendant is guilty of unlawfully disposing of intoxicat-

ing liquor. (8) As regards the question as to the guilt or inno-
cence of the defendant, the jury are instructed that the defendant
is not required to prove his innocence beyond a reasonable doubt
to entitle him' to an acquittal, but it is sufficient if the evidence
upon that point raises a reasonable doubt as to his guilt."

In the seventh instruction the jury are informed that, if they
are satisfied from the evidence that the defendant did not sell in-
toxicating liquor at the time and place charged in the informa-
tion, their verdict should be not guilty. This instruction squarely
placed the burden of proof on the defendant, and is the exact re-
verse of the law. Under our system the burden of proof is on
the state. The defendant is presumed to be innocent until his
guilt is established by the state, by legal evidence beyond a rea-
sonable doubt; and, if the state fails to do this, the defendant
should be acquitted, whether the jury believe him innocent or not.
The instruction complained of states under what conditions the
defendant could be acquitted, viz., that the jury must be satisfied
from the evidence that the defendant did not sell the intoxicating
liquor as charged in the information. It then goes further, and
informs the jury that they cannot convict the defendant unless
they are satisfied from the evidence beyond a reasonable doubt
that he is guilty, but the instruction does not inform the jury as
to what their action will be if they fail to reach either of these
conclusions. The eighth instruction informs the jury that the
defendant is not required to prove his innocence beyond a rea-
sonable doubt to entitle him to an acquittal, but is sufficient if
the evidence upon that point raises a reasonable doubt as to his
guilt. The first error in this instruction is that it suggests the
idea that the burden is on the defendant to prove his innocence,
and then it proceeds: "It is sufficient if the evidence upon that
point raises a reasonable doubt as to his guilt." We must confess
that we are unable to understand just what the learned judge
means by this codicil to the instruction given. When he says "if
the evidence upon that point raises a reasonable doubt of his
guilt," to what point does he refer?

An instruction similar to the one now under consideration

was condemned in *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 355, in an opinion of this court by Judge Doyle. He said:

"It is not essential to an acquittal that the jury should believe that the defendant did not deliver said whisky, or that defendant did not receive any money for said whisky, or that the defendant was not guilty. The law presumes that he did not deliver said whisky, and that he did not receive money for said whisky, and the law presumes that he is not guilty as charged until his guilt has been established by competent evidence beyond all reasonable doubt. In *Johnson v. State,* 29 Tex. App. 151, 15 S. W. 647, *supra,* the instruction was: 'If you believe from the evidence that the defendant, acting either alone or in concert with Jeff Wood, did not poison Elizabeth Rucker as explained in paragraph 3, or if you believe that the deceased was poisoned by accident, or by her own voluntary act, or if you believe that the deceased died from natural causes, or if you believe that the deceased was poisoned by some other person than the defendant, acting alone or in connection with Jeff Wood, then you will find the defendant not guilty.' Wilson, judge, speaking for the court, says: 'We think the paragraph is subject to the exception that it requires the jury to believe from the evidence the existence of the conditions which entitled him to acquittal. It virtually requires the jury to believe from the evidence that he is innocent before finding him not guilty, whereas the correct rule is that the jury must presume his innocence until his guilt has been established by the evidence beyond a reasonable doubt. If the jury entertained a reasonable doubt upon the whole evidence of the defendant's guilt, it was their duty to acquit him, although they might not believe from the evidence the existence of the facts and conditions, or any of them, mentioned in said paragraph. It is true that in concluding his charge the learned judge gave the usual instruction as to the presumption of innocence and as to reasonable doubt, and ordinarily such instruction is sufficient, but we do not think it was sufficient to correct and counteract the error in paragraph 5. The vice of the paragraph is in requiring the jury to believe from the evidence that some one of said conditions existed, in order to warrant a verdict of acquittal because thereof.' It is apparent that within itself this instruction is inconsistent and contradictory. This court has held that, where the instructions on a material point in a criminal case are inconsistent, some correct, and others incorrect to the extent that they may be misleading to a

3 Cr.—18

jury, a conviction will be reversed. In the case of *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447, Furman, presiding judge, expressing the opinion of the court, in part says: 'We concede the contention of the state that instructions are to be construed as a whole, and if, when so construed, they clearly and correctly state the law, then the instructions are sufficient. But this does not mean that an erroneous instruction upon a material issue can be cured by giving a correct instruction upon the same question in another portion of the instructions. Can instructions which are self-contradictory be harmonious and sufficient? Who can tell which instruction was followed by the jury? If the court did not harmonize the instruction given, how can it be expected that the jury could or would do so? If juries are to pass upon the sufficiency of instructions, then are they not the judges of the law as well as the facts? Instructions should be clear, explicit, and free from ambiguities and contradictions; otherwise they may confuse and mislead the jury.' "

For these reasons instructions 7 and 8 are not the law, and should not have been given to the jury.

Fifth. The court gave the jury the following instruction:

"The jury are instructed that if they believe from the evidence that any witness has been successfully impeached by reasons of statements made out of court conflicting with statements made in court, or on the witness stand, or if they find that any witness wilfully swore falsely in regard to any matter or thing material to the issue in this case, they will be justified in disregarding the whole or any part of the testimony of such witness, except in so far as they may find it corroborated by other credible evidence in the case, or by facts and circumstances proved on the trial."

An instruction similar to this one was considered in *Shellabarger v. Nafus,* 15 Kan. 554, and the Supreme Court there said:

"Whether the jury should disregard the whole of the testimony of a witness in such a case is a matter resting entirely with them. They are the exclusive judges of the credibility of the witnesses and the weight of their testimony. They may wholly disregard the testimony of any witness, if from the evidence before them they consider such witness as wholly unworthy of credit. Or they may disregard a portion of the testimony of any witness, and give to every other portion full faith, credit, and consideration. Or they may give to one portion of the testimony of any

witness greater weight and credit than they may to some other portion of such testimony. The jury ought to be allowed to weigh every portion of the testimony of every witness, and to give each portion of the testimony just such consideration as it is entitled to, considering all the facts and circumstances of the case. It is within the common experience of all men that the different portions of the testimony of the same witness may differ vastly in value. A witness may, under great temptations, and in some isolated case, swear falsely, and yet where the temptation is removed, where there is nothing to operate on his hopes and fears, his passions and prejudices, where he has no interest in the matter except to tell the truth, his testimony may be of great value. And this being so, no inflexible rule of law should be interposed between the witness and the jury, commanding the jury to take all, or to exclude all, of his testimony."

The same question came up in *State v. Potter*. 16 Kan. 99, and the Supreme Court there said:

"The defendant also claims that the court erred in instructing the jury that: 'If any witness has wilfully testified falsely as to any material fact in the case, then the jury should disregard all the testimony of such witness.' This instruction was erroneous. *Shellabarger v. Nafus*, 15 Kan. 547. Even where a witness has testified wilfully, corruptly, and falsely to a material fact in a case, still the question as to whether the jury should disregard the whole of his testimony should be left entirely with the jury themselves."

Section 5518, Wilson's Rev. & Ann. St. 1903, says that the court must instruct the jury that they are the exclusive judges of all questions of fact. The latter part of the instruction given flatly contradicts this statute, by directing the jury in mandatory terms to accept and be bound by certain evidence, under the contingency therein stated. The court had no right to ingraft this exception upon the law. The doctrine expressed by the Supreme Court of Kansas is in harmony with our statute. It matters not how anxious this court may be to enforce the law, we cannot allow a conviction to stand which is based upon a violation of plain and mandatory statutes which go to the foundation of the case, and which action deprived the defendant of substantial rights upon the trial. The law is plain and simple, and must be fol-

lowed in all matters involving the substantial rights of a defendant.

For the errors above pointed out, the judgment of the lower court is reversed and remanded for a new trial in conformity with the principles stated in this opinion.

Reversed and remanded.

DOYLE and OWEN, JUDGES, concur.