NEALY PRINCE v. UNITED STATES.

No. A-137. Opinion Filed May 16, 1910.

(109 Pac. 241.)

1. HOMICIDE — Instructions—"Murder"—"Manslaughter." In an instruction correctly defining murder and manslaughter, the statement, "You see by these definitions that in murder malice must exist, but that manslaughter is the killing of human being without malice," made, not as a definition of either offense, but only as distinguishing the two, is not reversible error.

2. INSTRUCTIONS — Verbal Inaccuracies. Instructions should be considered as a whole; and when so considered, if their various parts are not inconsistent with each other and on the whole

correctly state the law, they are sufficient. Mere verbal inaccuracies will not vitiate them.

3. **HOMICIDE—Instructions—Burden of Proof.** Upon a trial for murder, an instruction to the jury that, "If you find in this case that the killing is proven, then the burden of proving circumstances to mitigate or justify or excuse such killing devolves upon the defendant, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide," when properly explained or properly limited in its application, is not error.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County; R. McMillan, Judge.*

On the 26th day of February, 1907, Nealy Prince was indicted in the United States Court for the Southern District of the Indian Territory for the crime of murder. Upon the admission of Oklahoma into the Union the cause, being then untried, was transferred to the District Court of Garvin County. Trial thereof was had in said court during the October, 1908, term, and resulted in a verdict finding plaintiff in error guilty of the crime of manslaughter, and assessing his punishment at imprisonment in the penitentiary for a term of ten years. A motion for a new trial was overruled, and sentence was pronounced and judgment entered upon said verdict, from which plaintiff in error prosecutes this appeal. Affirmed.

*Carr & Field,* for plaintiff in error.—Citing: *Price v. State,* 1 Okla. Cr. 358; *Mackay v. People,* 2 Colo. 13; *People v. Campbell,* 30 Cal. 312; *Caw v. People,* 3 Neb. 369; *Green v. White,* 37 N. Y. 407. On instruction relative to burden of proof: *Davis v. U. S.,* 160 U. S. 469; *Coffin v. U. S.,* 156 U. S. 432; 11 Cyc. Ev. 306; 12 Cyc. 379.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.—*Martin v. Territory,* 18 Okla. 370; *Barclay v. U. S.,* 11 Okla. 503; *State v. Rathburn,* 74 Conn. 524; *Henry v. People,* 198 Ill. 162.; *Knight v. State* (Fla.) 32 So. 110; Thompson on Trials, sec. 2487; *Peters v. U. S.,* 94 Fed. 129; *People v. Chun Heong,* 85 Cal. 329; *State v. Pierce,* 65 Iowa,

85. On question of shifting burden of proof: *Gabe Hawkins v. U. S.*, 3 Okla. Cr. 651; *Rayburn v. State*, 69 Ark. 177; *Agnew v. U. S.*, 165 U. S. 49.

RICHARDSON, JUDGE. Two alleged errors are relied upon as grounds for the reversal of this cause, the first of which is that the trial court erred in instructing the jury as follows:

"You see by these definitions that in murder malice must exist, but that manslaughter is the killing of a human being without malice."

The contention is that this instruction required the jury to find plaintiff in error guilty of manslaughter, even though they were convinced that he took the life of the deceased in his necessary self-defense, that being a killing without malice. Plaintiff in error contended below that in committing the homicide he acted in his necessary self-defense; and, if the quoted portion of the instruction stood alone, it would be subject to the construction sought to be placed upon it by plaintiff in error, and would undoubtedly be erroneous. But it does not stand alone. It is only a detached portion of an instruction given by the court defining murder and manslaughter and drawing the distinction between them. The whole of the instruction given was as follows:

"Murder, under the law under which this cause is tried, is the unlawful killing of a human being, in the peace of the state, with malice aforethought, either express or implied. But under the charge of murder, a defendant may be convicted of the crime of manslaughter, and you are told that the crime of manslaughter is committed by any person who unlawfully and wilfully, but without malice, kills another, in the peace of the state. You see by these definitions that in murder malice must exist but that manslaughter is the killing of a human being without malice. Therefore, the court tells you in order that you may better understand your duties in the premises, that malice may be either express or implied, and that it must be present in order to make a manslaughter murder."

And then the court proceeds to define express and implied malice. It will be observed that in this instruction the court .

first defined murder; then follows a correct definition of manslaughter as that offense existed in the Indian Territory, to-wit: "manslaughter is ·committed by any person who *unlawfully and wilfully,* but without malice, kills another in the peace of the state". Then comes the part objected to, namely: "You see by *these definitions* that in murder malice must exist, but that‘ manslaughter is the killing of a human being without malice". This does not purport, and could not have been understood, to be a definition of either murder or manslaughter. On the contrary specific reference is· made to the definitions already given; and the court here merely draws the distinction between the two grades of the offense by pointing out the matter which differentiates them; that is, the existence of malice in the former and its absence in the latter. The other elements of wilfulness and unlawfulness are common to each of the offenses; but this portion of the instruction did not purport to deal with those, but dealt only with that which distinguished the two. Certainly this portion of the instruction could have been more happily framed; but no person possessing the sound mind and discretion prescribed by law as one of the qualifications of jurors, when hearing or reading this portion of the instruction in connection with the complete instruction, could possibly have misinterpreted it. And that fact is further emphasized and reinforced by a consideration of the whole charge; for later on the court gave a full and correct substantive instruction upon manslaughter, telling the jury under what circumstances they should find plaintiff in error guilty of that crime, of which instruction no complaint is made. The instructions must be considered as a whole; and when so considered, if their various parts are consistent with each other, and on the whole correctly state the law, it is sufficient. Mere verbal inaccuracies will not vitiate them. *Cave v. United States,* 2 Okla. Cr. 258, 100 Pac. 1118; *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447.

The second assignment of error is that the court erred in instructing the jury as follows:

"If you find in this case that the killing is proven, then the

burden of proving circumstances to mitigate or justify or excuse such killing devolves upon the defendant, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide."

The objection urged to this instruction is that it informs the jury that under certain circumstances the burden shifts from the prosecution to the defendant. Plaintiff in error contends that this is never the case, unless specially so provided by statute; and that while this is a statutory provision from a chapter of Mansfield's Digest of the Statutes of Arkansas put in force in the Indian Territory, nevertheless the punishment for murder and manslaughter in the Indian Territory was that prescribed by the United States statutes and not the Arkansas law, and therefore this statutory provision was not applicable to the offense of murder and manslaughter in that jurisdiction.

This instruction is in almost the identical words of section 863 of the Indian Territory Statutes taken from Mansfield's Digest of the Statutes of Arkansas, and which was put in force in the Indian Territory by Act of Congress of May 2, 1890. We recently had occasion to examine this section in the case of *Gabe Hawkins v. United States*, 3 Okla. Cr. 651. It was not given by the trial court as an instruction in that case; but was considered by this court in determining when and to what extent the burden shifts to the defendant on a trial for murder. While the Revised Statutes of the United States, and not the Arkansas law, were in force in the Indian Territory in so far as the definition of the crimes of murder and manslaughter and the punishment prescribed therefor were concerned, yet the Arkansas law respecting the procedure governing the trial even of those offenses was in force in the Indian Territory to the exclusion of all other laws. *Binyon v. U. S.*, 4 Ind. Ter. 542; *Simon et al. v. U. S.*, 4 Ind. Ter. 688; *Driggers v. U. S.*, 7 Ind. Ter. 752, 104 S. W. 1166; *Taylor v. U. S.*, 6 Ind. Ter. 350, 98 S. W. 123; *Leftridge v. U. S.*, 6 Ind. Ter. 305, 97 S. W. 1018. And the statute under consideration relates only to the procedure. In *Williams v.*

*U. S.,* 4 Ind. Ter. 269, this very statute was given as a portion of the instructions in the case, and a conviction for murder was affirmed by the Court of Appeals in the Indian Territory, though the propriety of the instruction was not raised or passed on. This statute was in force in the Indian Territory, and applicable to this case; and by its terms, if the prosecution proves the killing without showing facts sufficient to raise a reasonable doubt as to the defendant's justification or excuse, the unlawfulness of the killing is presumed, and thereupon the burden shifts to the defendant to produce sufficient testimony to raise a reasonable doubt as to his justification or excuse. If the defendant discharges this burden, then it returns to the prosecution, and to warrant a conviction the prosecution must overcome such reasonable doubt thus raised by proof beyond a reasonable doubt of each essential element of the crime. And where the court gives that statutory provision as an instruction, and also instructs the jury, as he did in this case, that upon the whole case the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt; that every presumption of law, independent of evidence, is in favor of innocence; that this defendant is presumed to be innocent of any offense; that this presumption remains with him throughout the trial, and attends him step by step; and that if upon a consideration of all of the evidence there remains a reasonable doubt of the defendant's guilt, he must be acquitted; certainly the giving of the instruction complained of, thus limited in its application, could not be held error. On the contrary, it is proper. *People v. Flahave,* 58 Cal. 249; *People v. Hawes,* 98 Cal. 648, 33 Pac. 791; *People v. Neary,* 104 Cal. 373, 37 Pac. 943; *Duncan v. People,* 134 Ill. 110, 24 N. E. 765; *People v. Tarm Poi,* 86 Cal. 225, 24 Pac. 998; *Bell v. State,* 69 Ga. 752; *Murphy v. People,* 37 Ill. 447; *State v. Tabor,* 95 Mo. 585, 8 S. W. 744; *Territory v. McAndrews,* 3 Mont. 158; *Territory v. Rowand,* 8 Mont. 110, 19 Pac. 595; *State v. Keith,* 9 Nev. 15; *People v. McGonegal,* 62 Hun. 622, 17 N. Y. Supp. 147; *State v. Mazon,* 90 N. C. 676; *State v.*

3 Cr.—45

*Jones,* 98 N. C. 651, 3 S. E. 507; *State v. Thomas,* 98 N. C. 599, 4 S. E. 518, 2 Am. St. Rep. 351; *State v. Byers,* 100 N. C. 512, 6 S. E. 420; *State v. Rollins,* 113 N. C. 722, 18 S. E. 394; *Com. v. Drum,* 58 Pa. 9; *People v. Callaghan,* 4 Utah, 49, 6 Pac. 49; *Cotrell v. Com.,* 13 Ky. Law. Rep. 313, 17 S. W. 149; *People v. Boling,* 83 Cal. 380, 23 Pac. 421; *Territory v. Manton,* 8 Mont. 95, 19 Pac. 387; *Hammil v. State,* 90 Ala. 577, 8 So. 380.

The judgment of the district court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.