## T. E. SIMS v. STATE.

No. A-1266.　Opinion Filed February 3, 1912.

(120 Pac. 1032.)

1.　APPEAL—Review—Conflicting Evidence. No verdict should be disturbed upon the ground of contradictions in the testimony where there is any evidence in the record from which the jury could legitimately conclude that the defendant was guilty, unless there is something in the record from which it appears that the jury were probably misled in their considerations of the testimony.

2.　APPEAL—Trial—False Testimony—Corroboration—Instructions—Exceptions. It is error for the trial court to instruct the jury that, if they believe any witness has willfully testified falsely to any material fact in the case, they may disregard the whole of such witness' testimony, unless the same is corroborated by other competent testimony. But the giving of this instruction does not necessarily constitute reversible error. Before a cause will be reversed for giving this instruction, it must have been properly excepted to when given, and the evidence in the case must be such as to enable this court to see that the defendant may have been injured thereby.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

T. E. Sims was convicted of violating the prohibitory law, and appeals. Reversed.

*Jennings & Levy,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. First. There is a direct conflict in the evidence in this case, but we cannot upon this ground alone grant a new trial. No verdict should be disturbed where there is any evidence in the record from which the jury could legitimately conclude that the defendant was guilty, it matters not how contradictory the evidence may be, unless there is something in the record from which it may be seen that the jury were probably misled in the consideration of the testimony. To adopt any other rule would be a practical repeal of the statute that provides that the jury are the exclusive judges of the testimony and the other statute which provides that a new trial may be granted where the verdict is contrary to the evidence. It is the exclusive duty of the jury to settle all conflicts in the evidence, and we are bound by. their determination of such question, unless it appears from the record that they were influenced by improper motives or may have been misled by improper instructions which were duly excepted to at the trial.

Second. Upon the trial of this cause the court instructed the jury as follows:

"You are the exclusive judges of the weight and credibility of the witnesses, and, in determining what weight and credibility you will give to the testimony of any witness, you will take into consideration the appearance of the witness on the stand, his manner of testifying, his interest or lack of interest in the result of the case, his opportunity or lack of opportunity of knowing and seeing the things about which he has testified, and, if you believe that any witness has willfully testified falsely in any material matter, you may disregard the whole of such witness' testimony, unless the same is corroborated by other witnesses

whom you believe have testified truthfully in such matter or by other competent credible testimony."

Instructions similar to this have been repeatedly condemned by this court. See *Rea v. State,* 3 Okla. Cr. 269, 105 Pac. 381; *Gibbons v. Territory,* 5 Okla. Cr. 212, 115 Pac. 129; *Henry v. State,* 6 Okla. Cr. 430, 119 Pac. 278. Counsel for appellant, however, are in error in stating in their brief that this ·court has ever held that the giving of this or similar instructions is necessarily reversible error. Cases may arise in which such an instruction would be beneficial to the defendant, or in which the evidence was so clear and conclusive as to his guilt that there could be no question but that he was not injured by the giving of the instruction. But this instruction cannot be ground for reversal, unless it is excepted to when given, and the evidence in this case is such as. to enable this court to see that appellant may have been injured thereby. We believe that both of these conditions are met in the case at bar. The instruction was excepted to when given, and the state's witnesses are so clearly contradicted as to cause us to believe that this ·instruction may have improperly influenced the jury against appellant.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.