## CHARLIE McKNIGHT v. STATE.

No. A-1142.   Opinion Filed April 25, 1912.

(122 Pac. 1118.)

1. **TRIAL—Instructions—Credibility of Witnesses.** An instruction advising the jury that they are at liberty to disregard the testimony of any witness who they believe from the evidence has testified falsely, except in so far as his testimony is corroborated by other evidence or facts and circumstances in the case, should not be given. The jury cannot be bound by the court to believe the testimony of such witness, whether corroborated or not.

2. **SAME—Erroneous Instruction—Reversal.** When such an instruction is given by the trial court over the objection and exceptions of the accused, and the record discloses a close case on the facts, a judgment of conviction will be reversed.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court;*
*Ross H. Lockridge, Judge.*

Charlie McKnight was convicted of violating the prohibition law, and appeals. Reversed.

*Mark Goode* and *Blakeney & Maxey,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The indictment in this case charges the accused with the unlawful possession of intoxicating liquor with intention to sell the same.

The proof on behalf of the state shows that the building in which it is contended the intoxicating liquors were found was owned by one Pike Baker; that at the time Baker purchased the building it was under a lease to Mr. Culberson for hotel purposes, and was later subleased to John Rogers for a rooming house. Baker testified that since the time it was subleased to Rogers he, Rogers, and his associates, had charge of it; that his bookkeeper collected the rent; that Rogers paid the rent; that there were several raids made on the building, small quan-

tities of intoxicating liquor and some gambling paraphernalia being found. One witness, Ed Pierce, testified on behalf of the state that the accused in this case admitted that he owned the place, but did not testify that the accused owned the whisky or claimed it. The proof indicates that one Anderson was dispensing the intoxicating liquor. There is no proof on the part of the state that connects the accused with Anderson in the handling of intoxicating liquor, or that connects the accused with the intoxicating liquor found in the building.

The proof on behalf of the defendant shows by the bookkeeper of Mr. Baker that he collected the rent from John Rogers and J. A. Anderson; that in his best judgment Anderson paid the rent for September, October, and November, 1910. This offense is alleged to have been committed in November, 1910. The witness also testified that he never collected any rent from the accused, McKnight, and never had any conversation with him relative to the building. The accused testified in his own behalf that he had never had any intoxicating liquor in the building in question; that he had not sold any intoxicating liquor since statehood; that he owned a part of the property in the building, which he had sold, but had not been paid for; that the property had no connection with the unlawful possession of intoxicating liquor; that he stated to Mr. Pierce that the furniture was his. There was no testimony offered in rebuttal by the state.

There are many assignments of error urged, but we cannot consume time in discussing all of them in detail. The testimony in this case is scarcely sufficient upon which to base a conviction.

Among other assignments the accused complains of the following instruction of the court, which appears in the record as "No. 7":

"In the event that you find any witness has willfully testified falsely to any material matter in issue, you are at liberty to disregard the whole of such witness' testimony, except in so far as the same may be corroborated by other credible witness or witnesses, or other facts and circumstances appearing upon the trial."

The instruction was excepted to at the time by counsel for the accused. In the case of *Gibbons v. Territory,* 5 Okla. Cr. 212, 115 Pac. 129, this court held an identical instruction erroneous and reversible. And in *Rea v. State,* 3 Okla. Cr. 269, 105 Pac. 389, an identical instruction was held to be erroneous and reversible. In this latter case Presiding Judge Furman said:

"Section 5518, Wilson's Rev. & Ann. St. 1903, says that the court must instruct the jury that they are the exclusive judges of all questions of fact. The latter part of the instruction given contradicts this statute by directing the jury in mandatory terms to accept and be bound by certain evidence under the contingency therein stated. The court has no right to ingraft this exception upon the law. The doctrine expressed by the Supreme Court of Kansas is in harmony with our statute. It matters not how anxious this court may be to enforce the law, we cannot allow a conviction to stand which is based upon a violation of plain and mandatory statutes which go to the foundation of the case, and which action deprived the defendant of substantial rights upon the trial. The law is plain and simple, and must be followed in all matters involving the substantial rights of the defendant."

This instruction, and instructions of similar purport, have been so often condemned by this court that we do not feel called upon to discuss the proposition in detail here. The trial courts, especially many of the county courts, still persist in giving this instruction although it has been repeatedly condemned. In cases of the kind under consideration wherein the testimony is but slightly incriminating an instruction of this kind is more serious than it would be if the state's case were stronger.

Without consuming more time in the discussion of the errors assigned, many of which appear to be serious, the judgment is reversed, and a new trial awarded.

FURMAN, P. J., and DOYLE, J., concur.