## BEN WILLIAMS v. STATE.

No. A-1478.   Opinion Filed April 19, 1913.

(131 Pac. 179.)

1. HOMICIDE—Evidence—Burden of Proof. In a prosecution for murder, if the state proves the killing without tending to show that the offense only amounted to manslaughter or showing facts sufficient to raise a reasonable doubt as to the defendant's justification or excuse, the unlawfulness of the killing is presumed. Thereupon the burden shifts to the defendant to produce sufficient testimony to raise a reasonable doubt as to his justification or excuse.

2. TRIAL—Credibility of Witnesses—Question for Jury. The jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and they are not bound to believe the testimony or any part of the testimony of any witness when in their judgment a witness may have testified falsely or may have been mistaken; and it is improper for the trial court to give an instruction which in the least trenches upon this prerogative of the jury.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Ben Williams was found guilty in the district court of Garvin county of the offense of manslaughter in the first degree, and his punishment was fixed by the jury at confinement in the penitentiary for the period of four years. Appealed. Reversed.

*Thompson & Patterson,* for appellant.
*Charles West,* Atty. Gen., for the State.

FURMAN, J.   First. The record in this case contains about 800 pages of typewritten matter. Seventeen witnesses testified for the state and thirty-two witnesses testified for the appellant. So far as the merits of this case are concerned, the testimony as a whole constitutes a hopeless and irreconcilable maze of contradictions, but it is agreed by all that on Sunday afternoon, the

23d day of October, 1910, there was a negro baptizing near Hennepin, in Garvin county, Okla., and that after the religious ceremonies were over and the crowd had dispersed a fight with pistols occurred on the public road between the appellant, Ben Williams, and the deceased, Calvin Newberry, in which Calvin Newberry was killed and the appellant was wounded.

It would be impossible to make a clear and concise statement of the facts of this case. In fact, after a careful examination of the record, we are unable to state what the facts of the case actually were. From the standpoint of the state there is abundant testimony to sustain a conviction for murder. From the standpoint of the defendant it is a clear case of self-defense. The participants and all of the material witnesses are negroes. Witnesses on each side gave the most positive and direct testimony for and against appellant, and all of the material witnesses are flatly contradicted and are also amply sustained and corroborated. All of the witnesses fully sustained the respective sides by which they were placed upon the stand. This being the condition of the record, if the instructions of the court were correct, we would affirm the conviction upon the ground that the witnesses were all before the jury, and that the jury were in a much better condition to determine their credibility than the members of this court are.

A number of exceptions. were reserved to the charge of the court. We only deem it necessary to notice two of the charges complained of. The sixteenth paragraph of the instructions of the court is as follows:

"(16) If after a consideration of all the evidence in this case you believe that the defendant, Ben Williams, was justifiable or excusable in his acts, as those terms have been defined to you in this charge, then in that event he should be acquitted."

Section 6854, Comp. Laws 1909, is as follows:

"Sec. 6854. Burden of Proof in Mitigation of Murder.— Upon a trial for murder, the commission of the homicide· by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse. it, devolves upon him, unless the proof on the part of the prosecution tends to show that the

crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

Instructions substantially in the language of this statute have been repeatedly approved by this court. See *Lumpkin v. State,* 5 Okla. Cr. 488, 115 Pac. 478; *Culpepper v. United States,* 4 Okla. Cr. 103, 111 Pac. 679, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668; *Prince v. United States,* 3 Okla. Cr. 700, 109 Pac. 241; *Hawkins v. United States,* 3 Okla. Cr. 651, 108 Pac. 561. The construction which we have uniformly placed upon this statute is that, if the prosecution proves the killing without tending to show that the offense only constitutes manslaughter or showing facts sufficient to raise a reasonable doubt as to the defendant's justification or excuse, the unlawfulness of the killing is presumed, and thereupon the burden shifts to the defendant to produce sufficient testimony to raise a reasonable doubt as to his justification or excuse. But we have never held that this burden required the defendant to do more than to offer sufficient testimony to raise a reasonable doubt as to his justification or excuse. The instruction complained of we think states the law too strongly. The court should have instructed the jury that if after a consideration of all of the evidence in the case they believed the defendant, Ben Williams, was justifiable or excusable in his acts, or if they entertained a reasonable doubt upon this subject, they should find him not guilty. It would have been impossible for the jury to misunderstand such instruction or to have been misled thereby.

Second. Section 24 of the instructions of the court is as follows:

"(24) If you find that any witness has willfully testified falsely to any material question, then you are at liberty to disregard a part or the whole of the testimony of such witness, except in so far as the same may be corroborated by other credible evidence."

Under our statute in the first instance, the jury are the exclusive judges of the credibility of the witnesses and the weight

of the testimony. They are not bound to believe the testimony or any part of the testimony of any witness, when in their judgment the witness may have testified falsely, or may have been mistaken. There is no statute or principle of law which requires a jury to believe a witness simply because he may be corroborated. To instruct a jury that, if they find that any witness has willfully testified falsely to any material question, then they are at liberty to disregard in part or in whole the testimony of such witness, except in so far as the same may be corroborated by other credible evidence, is liable to create the impression upon the minds of the jury that, where a witness is corroborated, the jury are bound to accept his testimony as true. To this extent such an instruction trenches upon the province of the jury. See *Gilbert v. State,* 8 Okla. Cr. 329, 129 Pac. 671; *McKnight v. State,* 7 Okla. Cr. 235, 122 Pac. 1118; *Sims v. State,* 7 Okla. Cr. 7, 120 Pac. 1032; *Henry v. State,* 6 Okla. Cr. 430, 119 Pac. 278; *Gibbons v. Territory,* 5 Okla. Cr. 212, 115 Pac. 129; *Rea v. State,* 3 Okla. Cr. 269, 105 Pac. 381. We do not think, however, that the giving of this instruction is necessarily reversible error, because cases may arise in which such an instruction would be beneficial to the defendant, or in which the evidence was so clear and conclusive as to the guilt of the defendant that there could be no question but that he was not injured by such instruction. The better plan is for the trial court not to attempt to give the jury an instruction as to whom they shall believe or whom they may disbelieve, but to leave this matter to the common sense, sound judgment, and experience of the jurors. This was evidently the intention and purpose of the law.

It is insisted by the Attorney General that in this case the testimony is clear as to the guilt of appellant, and therefore the errors in the instructions of the court are harmless. If the jury believed all of the testimony for the state and rejected all of the testimony for appellant, then the evidence would be clear and conclusive as to the guilt of appellant. But if, on the con-

trary, the jury believed all of the testimony for the defendant, and rejected the testimony for the state, appellant was clearly justifiable. As before stated, the conflicts in the testimony are positive and irreconcilable. Under these conditions, we think it is error for the court to give an instruction which was calculated to create a misapprehension in the minds of the jurors as to what their rights and duties were in settling the conflicts in the testimony and determining the credibility of the witnesses.

For the errors hereinbefore pointed out the judgment of the lower court is reversed, and the cause remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.