## TED PATTON v. STATE.

No. A-8542. Aug. 8, 1933.
Rehearing Denied Sept. 29, 1933.
(25 Pac. [2d] 74.)

J. W. Prather and G. C. Hardin, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Sequoyah county of the crime of murder in the killing of one Robert Hayne Wall, and his punishment fixed by the jury at death.

The evidence of the state was that defendant and deceased were out together on the evening of the homicide in

deceased's father's ear; that they drank some beer; that during the evening before the killing defendant purchased some .22 cartridges; that some time during the night defendant shot the deceased with a .22 caliber pistol loaded with these shells, and, driving deceased's father's car to an out of the way and secluded spot at the foot of Wild Horse Mountain, in Sequoyah county, carried the body of deceased some distance from the road and sought to hide it in the rocks and brush; that shortly thereafter he returned to the town of Sallisaw and told his mother that he and deceased were going to Tulsa; that he obtained some clothes and fled from the scene of the crime in the car; that he was later arrested in the city of Dallas, after inquiring at the post office for mail under the assumed name of Fred Anderson; that upon his arrest he accompanied the officer to a secluded spot between Dallas and Fort Worth, where Vera Frazier, a young woman from Sallisaw, was found in the car; that the pistol with which the killing was done, a fountain pen, and other property of deceased were found in the car. At the time of his arrest, defendant stated, in substance, that he got into an argument with deceased and shot ——— out of him; that at the time of her arrest, Vera Frazier said she was not with defendant and did not know that Wall was killed.

At the trial defendant took the stand and testified that Wall was trying to commit rape upon Vera Frazier, and that when he interfered Wall attacked him and he shot him in self-defense. Vera Frazier, as a witness for defendant, testified to practically the same state of facts.

In rebuttal, the state by a number of witnesses showed that defendant had made no claim of self-defense, nor had he mentioned the attack at any time prior to the trial. The state also showed by the county attorney, the sheriff

and other officers, and W. B. Wall, that Vera Frazier had at all times denied that she was present or knew anything about the commission of the offense; and finally the state showed by George W. Frazier, Vera Frazier's father, that on the day before the trial she told him that she was not present and knew nothing at all about the killing.

Defendant contends this evidence is insufficient to support the verdict of murder or to justify the death penalty.

If the killing occurred in the manner and for the reason defendant says it did, then there was absolutely no reason for taking the body and hiding it in the wilds of the mountain and fleeing the country. The state made out a prima facie case of murder. Under the law of Oklahoma, when a homicide is proved or admitted, the burden of proving circumstances of mitigation, or that would justify or excuse it, devolves upon defendant, unless the proof on the part of the prosecution tends to show the crime committed only amounts to manslaughter, or that the defendant was justified or excusable. Since defendant must assume this burden, or justify the killing, he had to create a reasonable doubt of that fact in the minds of the jury, and he failed to do so. The fact that defendant was found in possession of this automobile and other personal property of deceased would indicate that his intention was to kill deceased, rob him of the property, hide his body where it would not likely be found, and leave this as one of the unsolved murder mysteries of the age. Taking that view of the evidence, the jury thought also that he should forfeit his life in recompense of the one that he had taken without any reasonable justification or excuse.

It is a well-settled rule of this court that, where there is a conflict in the evidence, and where there is competent

evidence reasonably tending to support the verdict of the jury, it will not be set aside because of the insufficiency of the evidence.

The evidence of the state, coupled with the admissions of defendant and Vera Frazier shortly after their arrest, was sufficient to support a verdict of guilty of murder and to support the infliction of the death penalty.

It is next contended the court erred in refusing to grant defendant a change of venue.

Defendant filed the usual affidavit that he could not have a fair and impartial trial in Sequoyah county because the minds of the inhabitants of the county in which the case was pending, were so prejudiced against him that a fair and impartial trial could not be had therein. This affidavit was supported by thirteen compurgators supporting the motion and twenty-eight in opposition to it.

This court has repeatedly held that an application for a change of venue is addressed to the sound discretion of the trial court. There must be a clear abuse of this discretion to avail defendant. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Gentry v. State, 11 Okla. Cr. 355, 146 Pac. 719; Allen v. State, 16 Okla. Cr. 136, 180 Pac. 564; Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635; Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971; Jewell v. State, 41 Okla. Cr. 389, 273 Pac. 366.

There is no contention in this appeal that a fair and impartial jury was not obtained in Sequoyah county.

Considering the whole record in the light of the decisions of this court, it cannot be said an abuse of judicial discretion appears by the action of the trial court in denying a change of venue.

It is next contended the trial judge erred in giving certain instructions to the jury in his general charge.

Complaint is first made of instruction No. 12, which reads as follows:

"The commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, rests upon the defendant, unless the proof on the part of the state tends to show that the crime committed only amounts to manslaughter, or that the defendant was justified or excusable."

This instruction is an exact copy of section 2719, C. O. S. 1921.

In Dorris v. State, 27 Okla. Cr. 208, 226 Pac. 590, 592, this court, in discussing this statute, said:

"This does not mean that the defendant must prove such circumstances by a preponderance of the evidence, but that the presumption that the killing was felonious arises from the mere proof of the commission of the homicide by the defendant, and the burden of proving circumstances of mitigation, etc., thereby devolves upon him. The defendant is only bound under this rule to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense. It can make no difference whether this reasonable doubt is the result of evidence on the part of the defendant, tending to show circumstances of mitigation or that justifies or excuses the killing, or from other evidence coming from him or from the state.

"The universal rule that a defendant shall not be convicted unless the evidence proves his guilt beyond a reasonable doubt applies to the whole and every material part of the case.

"The statutory rule does not attempt to provide the degree of proof required of him, but leaves the rule as to

the degree of the evidence necessary to convict as it was before."

This court has sustained the giving of this instruction in Hawkins v. United States, 3 Okla. Cr. 651, 108 Pac. 561; Culpepper v. State, 4 Okla. Cr. 103, 111 Pac. 679, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668; Williams v. State, 9 Okla. Cr. 206, 131 Pac. 179; Lumpkin v. State, 5 Okla. Cr. 488, 115 Pac. 478; Brown v. State, 15 Okla. Cr. 64, 175 Pac. 66; Jones v. State, 20 Okla. Cr. 233, 202 Pac. 187; Proctor v. State, 22 Okla. Cr. 445, 211 Pac. 1057.

It is a well-settled rule of this court that instructions must be considered as a whole, and, when so considered, if they fairly state the law as applicable to the facts in the case, they are sufficient.

Complaint is also made of other instructions, but applying this rule to the instructions as a whole, it is evident that they fairly state the law and are as favorable to the defendant as the facts and the law would require.

No reversible error appearing in the record, and the evidence being sufficient to justify the infliction of the death penalty, the cause is affirmed.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Sequoyah county be carried out by electrocution of the defendant on the 20th day of October, 1933.

DAVENPORT, J., concurs.

EDWARDS, P. J, (dissenting in part). After a close reading of the record and a careful consideration of the briefs, I concur in the court's opinion that the verdict

and judgment of murder is amply sustained and that no errors of any consequence appear. I am of the opinion, however, that justice under all circumstances does not require the extreme penalty of death and that this court should modify the judgment by reducing it from death to life imprisonment.